THOMAS RYERSON *against* JOHN NICHOLSON.
ADAM ZANTZINGER *against* Same, (three suits.)

The general rule is, that the sheriff should sell different houses or tracts of land separately. If he does otherwise, the sales will be set aside by the court, unless there can be shown a clear exception to the general rule.

MOTION to set aside the sale of the defendant's lands, by the sheriff of Fayette county.

It appeared that a testatum *fi. fa.* had been delivered into the hands of the sheriff of Fayette county, at the suit of Ryerson, in the month of June 1797, for the sum of 2202 dollars and 64 cents, on which he levied four tracts of land, which were afterwards condemned by an inquest. That in the suits by Zantzinger three testatum *fi. fa's.* were delivered to him amounting to 6780 dollars, in September following, whereon he levied eight tracts of land, one moiety of a forge, and one moiety of three other tracts, which were also condemned; and that in consequence of three writs of *venditioni exponas* grounded thereupon, he had sold on the 25th November 1797, five of the said tracts for 866 dollars and 75, cents, the

moiety of the forge for 365 dollars and 33 cents, the moiety of three tracts for 300 dollars, one tract for 436 dollars, one other tract for 30 dollars, and the remaining tract for 800 dollars.

The sheriff, Thomas Collins esq., stated in his depositions. that the lands were sold openly, at a public time, when many bidders appeared, on full notice given; and that he verily believed, that under all the circumstances attending the property, it brought its full price.

By the court.   We have a controlling power over the conduct of our different officers, and must necessarily exercise it for the advancement of justice.   Here have been five tracts of lands sold together in one lot, and the moiety of three other tracts sold in another lot.   It is impossible to ascertain, what price, the property if subdivided, would have commanded.   But it is obvious, that the sales of property thus combined, must produce mischiefs as well to the creditor as debtor.   The general rule, which public utility prescribes, is, that different lots of ground, houses, or parcels of land should be sold separately.   But there may be exceptions to this rule, by an assemblage of special circumstances, which may render the joining of several lots, houses or tracts together, most eligible, or by all the parties interested agreeing to another mode of sale. Many persons have it in their power to purchase a single house or tract at a sheriff's sale, whose finances would forbid their buying of several; and bidders by such means would be discouraged, to the public injury.   It is the duty of the sheriff to get the highest sums for the lands of unfortunate debtors, and not to permit the wealthy alone, to become the purchasers, to the exclusion of persons less affluent.   Such was our opinion in the case of Brownjohn v. Hurst on the sale of city lots; and so we have determined this very term, in the case of Charles Bitters v. Samuel Wallis.

As no grounds have been laid before us, to induce an opinion, that the present instance forms an exception to the general rule, the sales of the lot of the five tracts, and of the moiety of the three tracts must be set aside:   No injury is done thereby to any one.

Messrs. E. Tilghman and Rawle moved against the sale.
Mr. Ingersoll of counsel with the purchaser.