## Russell Hotchkiss, plaintiff in error, *vs.* Robert B. Thompson, defendant in error.

### *Error to Van Buren.*

Where a note is payable to A. B. or bearer, it matters not who may be the plaintiff, who brings the suit.

Under the statute allowing the note to be filed, in lieu of a declaration, any person holding the note, if payable to bearer, may sue in his own name.

An appearance of defendant to obtain a continuance, to traverse the issue of fact, is a waiver of the plea in abatement to the writ.

This was an action of assumpsit brought by Robert B. Thompson against Russell Hotchkiss in the District Court of Van Buren county. The plaintiff filed the note in lieu of the declaration, which said note was made payable to R. B. Thompson. The statute under which the plaintiff below proceeded is as follows, viz: "That hereafter it shall be competent for any person or persons, when they wish to institute suit in any of the courts of record in this territory (if their demand shall be founded on contract) to file their account, single bill, promissory note, or due bill, with the clerk of said court, whose duty it shall be to issue

process against the defendant or defendants in the same manner as if a declaration and precipe had been filed." The note sued upon is in the words and figures following, to wit:

"ROCHESTER, Nov. 22, 1841.

"Three months after date, I promise to pay R. B. Thompson, or bearer fifty-three dollars.          RUSSELL HOTCHKISS."

Upon the filing of the note, a summons was issued against the defendant below, in which the plaintiff below, is named Robert B. Thompson. In the court below the defendant filed a plea in abatement, setting out that there was a variance between the writ and the declaration, the former naming the plaintiff as Robert B. Thompson, the latter as R. B. Thompson. The defendant below filed with his plea in abatement the plea of the general issue. A demurrer was filed to the plea in abatement, which was sustained. And thereupon the defendant filed his affidavit for a continuance, upon which a continuance was allowed. At the next term, the defendant withdrew his plea of the general issue and suffered judgment to go by *nil dicet*. The sustaining of the demurrer to the plea in abatement is the error assigned. No declaration was filed, the declaration referred to in the plea in abatement, was the note itself which the defendant below calls a declaration.

R. HUMPHREYS, for plaintiff in error.

S. W. SUMMERS, for defendant in error.

BY THE COURT, WILSON, JUSTICE.—The note in this case being payable to R. B. Thompson, *or bearer*, it matters not what may be the name of the plaintiff who brings the suit. The object of the statute above referred to is to allow any person or persons to institute a suit in any of the courts of record in this territory, in certain cases, without employing an attorney and without filing a declaration. Any person into whose hands this note might pass would be authorized under this statute to commence an action in his own name.

There is, however, another objection to reversing the judgment in this case. If the plaintiff in error relied upon the sustaining by the court of the demurrer to the plea in abatement as the ground of error, he should have suffered judgment to be rendered for the plaintiff, upon the overruling the plea in abatement. Instead of so doing he applies for and obtains a continuance in order to have a trial upon the plea of

the general issue.   And by so doing he waived the supposed error of the court in overruling the plea and cannot now assign it.

Judgment below is affirmed.