BRIDGMAN *et al. v.* WILCUT.

The district court possesses general original jurisdiction against which nothing will be presumed.

The district court is authorized to entertain a direct proceeding to set aside an unauthorised sale made by the sheriff.

Where an objection to jurisdiction was not raised in the court below, it will not be entertained in the supreme court.

By appearing and pleading, the defendant admits the jurisdiction of the court.

When a defendant abides by his demurrer to the petition, the court will be justified in rendering a judgment agreeable to the prayer of the petition, on overruling the demurrer.

The supreme court will not consider new causes of demurrer, which were not presented to the court below.

Under a contract made in January, 1851, the homestead of the debtor is exempt from execution, by virtue of the act of 1849, to exempt a homestead from forced sale.

The homestead law, in force at the date of a contract, enters into and becomes a part of the contract, and the right acquired to have the homestead exempt from forced sale, is not impaired by a repeal of the law.

## *Appeal from Marion District Court.*

*Opinion by* GREENE, J.    At the February term, A. D. 1852, of the Marion district court, Wilcut filed his petition, setting forth that Bridgman and Reed, at the September term, A. D. 1851, obtained a judgment against him for $258,65, that the contract on which said judgment was rendered, was made about January 1, 1851 ; and after the passage of the act to exempt a homestead from a forced sale, approved January 15, 1849 ; that an execution issued on said judgment on the 2d of October, 1851, and was placed in the hands of the sheriff of said county ; that about the 15th of said month, said sheriff levied said execution on lot one in block two, in the town of Knoxville ; that on 15th of November, the said sheriff sold said lot to said Bridgman and Reed, for $80 ; that at the time of making the contract on which said judgment was rendered, the petitioner was a man of family, and is so still; and at the time of

rendering said judgment, and the levy and sale, he owned no other real property ; that he was in possession of said town lot, and claimed the same as a homestead, and that he so informed the sheriff at the time of the levy. The petition then prays that the levy and sale may be set aside, and that his title may be quieted.

Bridgman and Reed were made defendants, served with notice, appeared, and demurred to the petition. The demurrer was overruled ; the defendants stood upon their demurrer, and a decree was rendered in accordance with the prayer of the petition.

The defendants below, bring the case to this court.

1. It is contended that the court had no jurisdiction of the case. No good reason has been assigned for this objection. The district courts of this state possess general original jurisdiction. No other judicial tribunal in the state possesses original powers to the same general extent, and hence nothing will be presumed against its jurisdiction ; *Wright* v. *Marsh*, 2 G. Greene, 94. In the present case, that court appears to have exercised jurisdiction in a direct proceeding to set aside and correct an unauthorized sale, made by an executive officer of the court. That court, and that court only, was authorized to entertain the proceeding, and correct or set aside the acts of its own office ; *Reynolds* v. *Stanbury*, 20 Ohio, 344 ; 2 Yeates, 516 ; 7 Cowen, 367 ; 1 Eng., 425 ; 6 Wend., 522 ; 1 Scam., 428 ; 1 Gil., 435.

Besides, as this objection to jurisdiction was not raised in the court below, it cannot be raised in this court, unless the record itself shows the proceeding to have been *coram non judice*. By appearing and pleading, the defendant admitted the jurisdiction of the court. *Caudill* v. *Thorp*, 1 G. Greene, 95 ; 1 Morris, 156, 438 ; 2 Scam., 264, 279, 544.

2. It is objected that the court erred in overruling defendants' demurrer, and in setting aside the sale. If the demurrer was correctly overruled, it necessarily follows

Bridgman v. Wilcut.

that the sale was properly set aside. As defendants chose to abide by their demurrer, the court could not do otherwise than regard the petition as confessed. and render a decree accordingly on overruling the demurrer.

The important question in this case is, did the court err in overruling the demurrer? In deciding this question we cannot entertain the new causes of demurrer raised in this court. We can only consider and review those causes which were assigned in the demurrer as filed in the court below.

The demurrer specified four causes, all of which may be resolved under a single question. Is a homestead exempt from execution under a contract made before the Code took effect? The first clause of demurrer, in substance, claims that the petition does not aver that the contract was made after the Code took effect. The second, that it shows the contract to have been made before the Code. The third and fourth declare that a homestead is not exempt from sale on a contract made prior to the Code. Thus it will be observed that they raise but the single question as above stated, and that the causes alleged are not sufficiently broad to defeat the petition, for the very obvious reason that they do not aver that there was no such homestead law in force at the date of the contract, and for the still more conclusive reason that there was such a law in force at the date of the contract, which entered into and became a part of the contract.

The petition shows that the contract on which the judgment was rendered, and under which the homestead was sold, was made about the first of January, 1851. At that time the act of January 15, 1849, " to exempt a homestead from forced sale," was in force. That act provided, that a homestead as therein designated should " not be subject to forced sale on execution or any other final process, from any court for any debt or liability, contracted after the fourth day of July, 1849." This law remained in force till July 1st, 1851, when it was superseded by the Homestead Law of the Code.

Bridgman *v.* Wilcut.

This law of the Code in no way impaired the obligation of contracts made under the antecedent law on the same subject. The old law was merged into the new, and contained the same conditions, stipulations and restrictions in all contracts made under it, so that the change in the law contemplated no change in contracts, and amounted to nothing more than a continuation of the substance of the old law, under a new style and in a new book.

The homestead law in force at the date of the contract having become a part of it, the superseding of that law by the substitution of the new law in the Code, cannot deprive the debtor and his family of their homestead rights, nor could the repeal of the homestead law weaken or impair the contracts made, or divest rights acquired while the law was in force· The debtor's right to the homestead was acquired under the law of 1849, and his homestead established while that law was in force, and his petition presents a *prima facie* case, showing his right to the premises as exempt from forced sale under that law. This right was not acquired under the Code, nor was it divested or impaired by it, and still the same homestead policy is continued and protected, and the law of 1849 is recognized by the Code.

As the petition contained every necessary averment to establish plaintiff's right to the homestead, it follows that the demurrer to the petition was correctly overruled.

Judgment affirmed.

*J. C. Knapp,* for appellants.

*W. Penn Clarke,* for appellee.