STEVENSON ET AL. *v.* THE STATE, EX REL. MCDOWELL.

GUARDIAN.—*Application to Sell Real Estate.—Additional Bond.*—A bond given by a guardian upon his application to sell real estate of his ward will be good whatever may be the terms of sale afterward legally provided for by the order of the court, as such terms constitute no part of the contract evidenced by the bond.

SAME.—*Changing Terms of Sale.*—The court may, in its discretion, alter the terms of the sale after having fixed them, without impairing the obligation of the bond.

SAME.—*Defect in Condition of Bond Cured by Statute.*—Where such bond is not in terms conditioned for "the faithful payment, and accounting for, of all moneys arising from such sale according to law," as is required by section 18 of the statute relating to guardian and ward, 2 R. S. 1876, p. 595, it is not void, but it is given the same effect by section 5 of said statute as if it contained the proper condition.

From the Marion Circuit Court.

*G. T. Porter*, for appellants.

*W. W. Woollen*, for appellee.

WORDEN, J.—This was an action by the State, upon the relation of Mary L. McDowell, against David Stevenson and Joshua M. W. Langsdale, upon the bond of Stevenson, with Langsdale as his surety thereon, as guardian of

Emma A. Stevenson and Mary L. Stevenson, now Mary L. McDowell, given by the guardian upon his application for an order to sell real estate of his wards. Breaches were assigned. Judgment for the plaintiff.

No point is presented by the record except as to the sufficiency of the complaint on a motion in arrest of judgment.

The complaint shows that on January 15th, 1870, Stevenson, as such guardian, filed his petition in the Court of Common Pleas of Marion county for an order for the sale of certain real estate of his wards; that on the same day appraisers were appointed by the court to appraise the land, who on the same day returned their appraisement into court, and the court then required the guardian to file a bond in double the appraised value of the real estate to be sold.

A bond with surety was accordingly given and approved by the court; but not the bond in suit. The court thereupon ordered the guardian to sell the real estate at private sale, but not for less than the appraised value.

Afterward, on the application of the surety on the bond above mentioned, he was discharged from any further liability thereon; and the court ordered the guardian to file another bond, and the guardian accordingly filed the bond in suit, dated February 14th, 1870, which was approved by the court. On the day last above mentioned, the guardian filed his report, showing that he had sold the property in accordance with the order of the court; and on the next day he reported that the purchaser had failed and refused to perfect the purchase, and asked an order for the sale of the property at public auction, in accordance with the statute. That the court thereupon ordered the land to be sold at public auction for not less than two-thirds of the appraised value, one-fourth of the purchase-money to be paid down, and the residue in three equal annual payments, to be secured by notes and mortgage on the property. The

sale was made under this order and confirmed by the court, and the purchase-money paid to the guardian; and this action was brought to recover the portion of the money thus received by the guardian, to which the relatrix is entitled.

The chief objection urged to the complaint, as we understand the brief of counsel for the appellant, is, that the court, after the execution of the bond in suit, changed the terms of the order for the sale of the property, and directed a sale, not for cash down at private sale, as previously ordered, but at public auction, and to a large extent on time. It is urged that the case depended " upon the old, thoroughly established principle of law, that, where the terms of the contract are afterward changed without the consent of the surety, he is discharged. When the terms of the order were changed, the bond was vacated, as to the surety at least."

We are of opinion that the principle of law suggested has no application to the case. The terms of the sale, as fixed by the first order of the court, constituted no part of the contract evidenced by the bond; and the changing of the order as to the terms of the sale did not in the least change the obligation of the bond. The law contemplates the filing and approval of the bond before any sale is ordered; and, when the bond is filed and approved, the court orders the sale and provides for the terms thereof. 2 R. S. 1876, pp. 595, 596, secs. 18, 19.

It is thus apparent that no particular terms of sale can be regarded as contemplated by the bond, for the terms of the sale are not fixed until after the bond is executed and approved. The bond, therefore, will be good, whatever may be the terms of sale afterward legally provided for by the order of the court. And we do not doubt that the court may, in its discretion, alter the terms of the sale after having fixed them, without in the slightest degree impairing the obligation of the bond.

The bond in this case was not in terms conditioned for "the faithful payment, and accounting for, of all moneys arising from such sale according to law," as is required by the 18th section of the statute above cited. But the 5th section of the same statute gives the bond the same effect as if it had contained the proper condition.

The complaint, in our opinion, was good.

The judgment below is affirmed, with costs and three per cent. damages.

Petition for a rehearing overruled.