52    SUPREME COURT OF INDIANA.

Stevenson et al. v. The State, ex rel. Ruddell, Adm'r.

STEVENSON ET AL. *v.* THE STATE, EX REL. RUDDELL, ADM'R.

No. 7267.

GUARDIAN.— *Additional Bond of, on Application to sell Real Estate.— Change of Terms of Sale.*—A bond given by a guardian to procure an order of court to sell his ward's real estate at private sale, which is granted, is not avoided . by a subsequent order changing the sale from a private to a public sale.

SAME —*Answer of Surety.—Set-Off.—Parent and Child* -.In a suit upon such a bond, an answer by the surety thereon, by way of set-off, merely alleging that the guardian, who was the father of the ward, had expended certain specified sums of money for the support, etc., of his ward, for which he failed and refused to claim credit, is insufficient on demurrer.

SAME.—*Defect in Condition of Additional Bond.*—Such a bond, conditioned merely "for the faithful discharge of his duties," is valid and binding under section 5 of the act concerning guardians, etc., 2 R. S. 1876, p. 588, and also under section 790, 2 R. S. 1876, p. 311.

SAME.—*Judgment Against, for Breach of Official Duty, Collectible without Relief.*—By the act of December 21st, 1858, 2 R. S. 1876, p. 188, note 5, a judgment upon a guardian's bond for breach of official duty must be rendered collectible without benefit of valuation or appraisement laws.

From the Marion Circuit Court.

*G. T. Porter*, for appellants.

*W. W. Woollen, Jr.*, for appellee.

HOWK, J.—The appellant David Stevenson was the legal guardian of the persons and estates of his infant daughters, Mary L. and Emma A. Stevenson, who were the owners in fee-simple of certain real estate in Marion county, Indiana. Upon the petition of said guardian, he was authorized by the proper court to sell the real estate of his said wards, at private sale, upon his executing an additional bond in the penal sum of sixteen thousand dollars, with his co-appellant, Joshua M. W. Langsdale, as his surety therein, payable to the State of Indiana, and conditioned for the faithful discharge of the duties of his said trust, according to law; which said bond was executed and filed accordingly, and is the bond now in suit in this action. Afterward, upon the application of said guardian,

the court so modified the said order of sale as to authorize him to sell the said real estate of his said wards, at public sale; and afterward he reported to the court, that, in pursuance of said order, he had sold the real estate of his wards, at public sale, for the sum of nine thousand dollars, which said sale was then and there confirmed by the court.

This suit was brought by the appellee's relator, James H. Ruddell, as the administrator of the estate of the said Emma A. Stevenson, who had died intestate, in 1877, long after the sale of her share of said real estate, by her said guardian, upon the said additional bond so executed as aforesaid by the appellants Stevenson and Langsdale. The relator alleged in his complaint, that of the moneys received by said guardian, on account of his said sale of his wards' real estate, the one-half thereof, to wit, the sum of four thousand eight hundred and fifty-five dollars, belonged to the estate of his intestate, the said Emma A. Stevenson, deceased; and, by way of breaches of the bond in suit, the relator alleged that the said guardian had not faithfully discharged the duties of his said trust, according to law, in this:

1. That he had not managed the estate of his said ward for her best interest, but that, on the contrary, he had converted the same to his own use, and had used it for his own individual gain and profit;

2. That he had never rendered to the proper court any account whatever of his receipts and disbursements as such guardian; and,

3. That on the — day of ———, 1877, the said Emma A. Stevenson died intestate, and the guardian's trust, as to her, then and thereby expired, and that the said guardian had ever since failed to account for and pay over to the relator, as the administrator of said decedent's estate, her said estate or any part thereof.

To the complaint of the appellee's relator, the appellants jointly answered by a general denial, and the appellant Langsdale separately answered in two special or affirmative paragraphs. The relator's demurrer for the want of facts, to the third paragraph of said Langsdale's answer, was sustained by the court, and to this decision the said Langsdale excepted.

The cause was tried by the court, and a finding was made for the appellee's relator, against the appellant Stevenson, as principal, and the said Langsdale, as surety, in the sum of four thousand nine hundred and fifty-eight dollars and thirty-three cents; and judgment was rendered accordingly, to be levied and collected without any relief whatever from valuation or appraisement laws, to which judgment the appellants severally excepted. The appellants' separate motions for a new trial having been overruled by the court, and their exceptions saved to these decisions, they appealed from the judgment below to this court.

Without setting out in detail the appellants' assignments of error, we will consider and decide the several questions presented and discussed by their counsel, in his brief of this cause in this court.

The first point made by their counsel in argument is, that the bond in suit was vitiated and avoided by an order of the court, subsequent to the execution of said bond; which said order authorized and directed the guardian to sell his wards' real estate at public sale, instead of at private sale, as directed in a previous order of the court. This point was decided adversely to the appellants, and we think correctly so, in the recent case of *Stevenson* v. *The State, ex rel. McDowell,* 69 Ind. 257, which was a suit against the same appellants and upon the same bond as in the case now before us, brought upon the relation of the living daughter and ward of the

appellant Stevenson, in her married name of Mary L. McDowell. In the case cited, upon the point now under consideration, it was said by WORDEN, J., speaking for the court: "The terms of the sale, as fixed by the first order of the court, constituted no part of the contract evidenced by the bond; and the changing of the order as to the terms of the sale did not in the least change the obligation of the bond. The law contemplates the filing and approval of the bond before any sale is ordered; and, when the bond is filed and approved, the court orders the sale and provides for the terms thereof. * * * * And we do not doubt that the court may, in its discretion, alter the terms of the sale after having fixed them, without in the slightest degree impairing the obligations of the bond."

In the third paragraph of answer, and by way of set-off against any amount which might be found due the appellee's relator, the appellant Langsdale separately said that his co-appellant, David Stevenson, had failed and refused to claim credit for a large sum of money expended by him during the continuance of said guardianship, for the support, education and maintenance of his said ward, and for clothing and necessaries purchased for and furnished to said ward, to wit, the sum of two thousand five hundred dollars; and the said Langsdale said that he was surety for his co-appellant, Stevenson, in the bond in suit, and he prayed that the said sum might be set off, etc.

The relator's demurrer, for the want of facts, as we have seen, was sustained by the court to this third paragraph of answer; and this ruling is complained of, in argument, by the appellants' counsel. The paragraph is clearly insufficient, even upon the theory that Langsdale might insist upon a credit which his principal was entitled to but had refused to claim. It was not alleged there-

in that the appellant Stevenson had used his ward's estate or any part thereof, for her support, education and maintenance, or in purchasing for her and furnishing her with such clothing and necessaries as were suitable to her age, sex and station in life. It may well be assumed, therefore, that the large sum of money expended, as alleged, by the appellant Stevenson, was such a gift as a father might properly make to his infant daughter, who was living with him as a member of his family; and especially so, where it was not alleged that such expenditure of money was beyond his means or had in any wise impaired his estate, or that he was at the time insolvent, or in danger of insolvency. The court committed no error, we think, in sustaining the relator's demurrer to this paragraph of answer.

But it is claimed by appellants' counsel, that "the demurrer to said paragraph of answer should have been carried back to the complaint, and it held to be bad." The objection of counsel to the complaint, as we understand it, is, that the bond in suit is not conditioned, as the statute contemplates, for " the faithful payment, and accounting for, of all moneys arising from such sale according to law," but only " for the faithful discharge of his duties," by said guardian. 2 R. S. 1876, p. 595, sec. 18.

In section 5 of the act touching the relation of guardian and ward, approved June 9th, 1852, it is provided, that " Such guardian's bond shall not be void on account of any informality, illegality, or defect, either formal or substantial, in the same,    *    *    *    *    but shall have the same force and effect," as if such bond had been " legally executed." 2 R. S. 1876, p. 588.

Strictly speaking, perhaps, the provisions of this section 5 were intended to apply to the general bond of the guardian, required in and by the preceding section 4 of the guardian's act; but, by fair construction, as it seems to us, the cura-

tive and legalizing provisions, above quoted, may be, and ought to be, made applicable to the additional bond, such as the one now in suit, required of a guardian, upon his application for an order for the sale of his ward's real estate, by section 18 of the same act. If this were not so, however, we would be clearly of the opinion, that the bond sued upon in this case, came fairly within the scope and purview of section 790 of the code ; wherein it is provided, that no bond taken by any officer, in the discharge of the duties of his office, " shall be void for want of form of substance, or recital, or condition, nor the principal or surety be discharged ; but the principal and surety shall be bound by such bond, . 　*　　*　　*　　*　　to the full extent contemplated by the law requiring the same, and the sureties to the amount specified in the bond," etc.　2 R. S. 1876, p. 311.

It has been uniformly held by this court, that the effect of these statutory provisions is to legalize and validate the bond in question, and make of it just such a bond as was contemplated and called for by the terms of the statute which required its execution. *Railsback* v. *Greve*, 58 Ind. 72 ; *Graham* v. *The State, ex rel.*, 66 Ind. 386 ; *The State, ex rel.*, v. *Wyant*, 67 Ind. 25.

The only other matter complained of is, that the judgment below was rendered, to be collected without any relief whatever from valuation or appraisement laws of this State.　This form of judgment is authorized by the provisions of section 1 of "An act to regulate the collection of judgments and the sale of property on execution against any sheriff, constable, or other public officer, administrator, guardian, executor, or any other person or corporation receiving or holding moneys in a fiduciary capacity, or the securities of any or either of them," approved December 21st, 1858.　Acts 1858, p. 39 ; 2 R. S. 1876, p. 188, note 5.

We find no error in the record.

The judgment is affirmed, at the appellants' costs, with three per centum damages.