Mugge *et al.* *v.* Helgemeier *et al.*

No. 8523.

## MUGGE ET AL. *v.* HELGEMEIER ET AL.

SHERIFF's SALE.—*Pleading.*—*Husband and Wife.*—*Action to Quiet Title.*—A complaint by two, not shown to be husband and wife, to quiet their title to land against an alleged illegal and void sale made by a sheriff under an execution against one of them, presents no issue except the validity of the sale, and does not require a determination of the rights in the land of one of them as the wife of the other.

SAME.—*Reply.*—*Departure.*—In an action to set aside a sheriff's sale, a reply, which sets up different irregularities from those alleged in the complaint, is a departure.

SAME.—*Execution.*—*Appraisement.*—Under an execution upon a judgment, a part of which is directed to be collected without appraisement, a sale without appraisement is proper.

SAME.—*Real Estate Fraudulently Conveyed.*—Real estate, which the debtor has conveyed or caused to be conveyed with intent to defraud his creditors, may be sold without appraisement on an execution which does not waive appraisement, there having been an adjudication that the conveyance was fraudulent, although the adjudication contain no express order for sale without appraisement.

SAME.—*Statute Construed.*—Section 381, code of 1852 (R. S. 1881, section 576), does not apply to the sale on execution of real estate fraudulently conveyed by the execution debtor.

SAME.—*Separate Parcels.*—*Sale in Solido.*—When the real estate consists of separate parcels, and the rents and profits and the fee simple of the parcels, singly and in combinations of two, three, etc., have been properly offered and no bids received, the parcels may be all offered and sold together.

SAME.—*Inadequacy of Price.*—*Supreme Court.*—When the offer has been properly made to sell in parcels and in combinations of parcels, and then they are all sold together, this court will not, on account of alleged inadequacy of price, review the finding and judgment of the lower court upholding the sale of real estate by a sheriff.

PRACTICE.—*Exception to Judgment.*—A general exception to a judgment does not bring in question the correctness of a particular part of the judgment.

From the Marion Superior Court.

*T. E. Johnson,* for appellants.

*W. N. Harding* and *A. R. Hovey,* for appellees.

WOODS, J.—Complaint in two paragraphs by the appel-

lants against the appellees, the first being to quiet the title of
the appellants to real estate described, in which it is alleged the
appellees claim an interest by virtue of a sheriff's sale, which is
declared to be void; the second being to set aside the sheriff's
sale on account of certain irregularities and defects, which are
specified.

The appellees defended under the sale, setting forth the facts
in detail, and claiming that the sale was in all respects regu-
lar and valid.

The appellants replied in denial, and by a special paragraph,
wherein it is alleged that the price bid at the sale, excepting
the amount of the costs, was not paid to the sheriff, nor cred-
ited on the execution.

The court found for the defendants, and gave judgment ac-
cordingly, with a proviso that the judgment should not affect
whatever right the appellant Emma, as the wife of her co-
appellant, had, or might show herself to have, in the undi-
vided third of the property.

There was a general exception taken by the appellants to
the judgment, but no objection made especially to the proviso,
nor motion to strike it out or modify it.

The error assigned at the general term was the overruling
of the motion for a new trial. That ruling is therefore the
only one which comes before us for review.

Counsel for the appellant urges strenuously that the court
had no right to put the proviso named above in its judgment,
but should have determined and adjudged what the rights of
Mrs. Mugge were, and quieted her title accordingly, as, that
was "one of the objects of the suit."

It is manifest, however, if the question were presented,
that the complaint was not framed with that design, and is not
such as to warrant such a decree. It does not appear in
either paragraph that the plaintiffs are husband and wife.

A joint ownership is alleged, and that their title is clouded
by an irregular and void sheriff's sale, made by virtue of an
execution against one of them. The only issue tendered,

therefore, and the only one joined by the answer, was the validity of that sale. On that issue alone was the court required to find and adjudge; and it is certainly not available cause for complaint by the appellants or either of them, that the court limited its judgment by the proviso, which, if it has any effect, is for their benefit.

The principal objections made to the sheriff's sale are : That it was made without an appraisement of the rents and profits, and of the property itself, that, consisting of separate parcels, the property was sold in a lump, and that the purchase price was not paid, nor credited on the writ.

The last objection has no foundation in the evidence, if even in the pleading, where it appears only in the reply, and, in reference to the second paragraph of the complaint, at least, is a clear departure.

An appraisement was not necessary. The judgment on which the execution issued, by virtue of which the sale was made, was for a sum exceeding a thousand dollars, of which an amount exceeding three hundred dollars was directed, in the judgment, to be collected without relief from valuation or appraisement laws, the remaining portion being with relief; and these facts were properly recited in the writ.

It necessarily follows that so long as any part of the sum due upon the writ remained unpaid, which was collectible without relief, a sale without appraisement was lawful. It has been held that the sale may be so made where there are executions upon three judgments simultaneously rendered, one of which only is without relief. *Robinson* v. *Bush,* 17 Ind. 517. And so, also, in case of a judgment in attachment rendered in favor of several claimants, when several executions are issued against the property, some of which are collectible without appraisement. *Shirk* v. *Wilson,* 13 Ind. 129.

There is no ground for making a distinction where different parts of a judgment are collectible, one without and another with appraisement. Besides, it was shown that the title to the lands in question had been put in the name of the appel-

lant Emma, and, upon complaint of the judgment plaintiff, it had been found that they were in fact the lands of her co-appellant, the judgment defendant, and had been conveyed to her in fraud of his creditors, and, accordingly, it had been ordered and adjudged that the conveyance be set aside as fraudulent, and that the lands be sold in satisfaction of the said judgment. It is a statutory provision that property conveyed by a debtor with intent to hinder, delay or defraud his creditors, shall be sold without appraisement. Code of 1852, section 456, R. S. 1881, section 743.

It is suggested that this provision does not apply in this instance, because the conveyance which was declared fraudulent was not made by the debtor; but we are of the opinion that it applies to property which the debtor fraudulently procured to be conveyed to another, and which ought to have been conveyed to himself, as well as to such as he may have had in his own name, and himself have fraudulently conveyed to another.

It is further objected that in the judgment whereby the title of Mrs. Mugge was set aside, and the land declared subject to the execution upon said judgment, it was not ordered that the same be sold without appraisement; and it is insisted that under section 381 of the code, R. S. 1881, section 576, " When a judgment is to be executed without relief from appraisement laws, it shall be so ordered in the judgment."

We are clear, however, that the provision cited is not applicable. When a judgment is rendered upon a contract waiving appraisement, or in cases wherein, on account of the nature of the cause of action, an appraisement is not allowed, it must be so expressed in order that the execution may so issue. *Stevenson* v. *The State, ex rel.*, 71 Ind. 52. The judgment whereby, in this case, the fraudulent conveyance was set aside, and the property declared subject to the execution, was not, however, the judgment by virtue of which the sale in question was made. That judgment simply settled the fact that the fraudulent conveyance had been made, and that the property

was subject to sale on the execution. It followed, as matter of law, that the sale should be without appraisement, even though the original judgment and execution had not so provided.

It remains to be considered whether the sale ought to have been set aside because not made in parcels. The sheriff's return shows that the rents and profits for the period of seven years, of each parcel, were separately offered, and then of the different parcels in various combinations, and of all together, and then each parcel in fee simple was offered, and in like manner the different parcels in combinations of two, three, etc., and, no bids having been made, the parcels were all offered together and struck off to the judgment plaintiff for the sum of $1,202.61; and for $1,150.90 of that sum the judgment plaintiff receipted upon the writ in full thereof, and paid the remainder to the sheriff in satisfaction of the costs.

The question, therefore, which the record presents, is whether, after making a proper offer of the rents and profits, and of the fee simple of different parcels of real estate, the sheriff may offer and sell the parcels together, in satisfaction of an execution. The question has been decided adversely to the appellants in *Weaver* v. *Guyer,* 59 Ind. 195.

This question, however, the appellants' counsel has not urged upon our consideration, the point of the argument which he makes being that the offer in parcels was a nullity, because made without an appraisement—an objection which we have shown to be unfounded.

There is some conflict in the evidence as to the value of the land sold, and, the sheriff having offered the parcels separately and in different combinations of two, three or more, before offering all together, there is no ground upon which this court can say that the price received was inadequate, in the face of the finding and judgment of the superior court to the contrary.

Judgment affirmed, with costs.