## FRANK S. BRESSLER
### v.
## JOHN MARTIN.

*Appeal and Error—Execution—Sale of Land under.*

1. An appeal from an order of court entered at a given term, does not bring up an order made at a previous term, no appeal having been taken therefrom.

2. The sale of lands under an execution *en masse* is proper, if upon their being offered in separate tracts or lots they fail to sell, or if they will not bring as much in that way as if offered *en masse*, and enough has not been realized or would be realized, if bid off in separate lots or tracts, to satisfy the judgment, and there are no special equities against the sale being allowed to stand.

3. Upon a motion to set aside and vacate the levy and sale of certain lands therein described, made under an execution issued upon a judgment in favor of a person named against another, this court declines, in view of the evidence, to interfere with an order overruling the same.

[Opinion filed January 18, 1892.]

APPEAL from the Circuit Court of Whiteside County; the Hon. JOHN D. CRABTREE, Judge, presiding.

On March 21, 1881, Peter Bressler executed three mortgages on his lands in sections 7, 8, 17 and 18, town 21 N., range 7, to the Ætna Life Insurance Co., to secure the payment of sums aggregating $20,700. On May 20, 1881, he mortgaged the same lands to Adam Smith, to secure the payment of his four notes, the first two for $1,500, which were assigned to Henry Smith. John Martin began suit at March term, 1883, and on March 15, 1883, recovered a judgment against Peter Bressler for the sum of $3,395, $1,500 of which was made on execution out of a lot in town, and the balance satisfied by sale, July 14, 1883, out of lot 2 in S. W. ¼ of Sec. 7, lot 2 in N. W. ¼ of 18, and lot 2, S. W. ¼ of Sec. 18, in township aforesaid.

On March 8, 1883, Dinsmoor, clearly cognizant of what was

pending, bought of Peter Bressler, the lands last above described, but did not succeed in getting his deed and release of Ætna mortgage on record till after the rendition of the judgment.

Henry Smith, November 20, 1883, filed his bill against Peter Bressler, Martin, Dinsmoor et al., to foreclose mortgage given to Adam Smith. Dinsmoor filed two cross-bills, one against Adam Smith, the other against John Martin. Dinsmoor set up that he had purchased for $7,700, the lands last above mentioned, of Bressler, and that he had applied the purchase money, with what Bressler furnished, upon the $8,200 Ætna mortgage, and thereby secured the release of it, and asked to be subrogated to the rights of the Ætna Insurance Company under the released mortgage, and to have a first lien on the 220 acres, and to vacate and annul the Martin sale and certificate of purchase. The Supreme Court, on appeal, ruled that the Martin sale should be vacated and his certificate canceled, and that Dinsmoor should have a first lien on the lands discharged of the Martin lien. Smith v. Dinsmoor, 119 Ill. 656.

On December 20, 1887, there was entered, in conformity with the case cited in the Circuit Court, a decree for Dinsmoor and Smith for the amounts respectively due them, and also the order vacating the sale and canceling the certificate.

At the September term, 1887, Adam Smith having become the owner of the balance due on the Smith mortgage, filed his bill to foreclose the same, and made Martin, Peter, Frank and Kate Bressler parties defendant. Martin filed a cross-bill in this case, making his co-respondents and Adam Smith parties defendant. Martin sought to set aside so much of the satisfaction of his judgment as was produced by the sale of the Dinsmoor land, and to revise said judgment, and to subject all the mortgaged lands (except the Dinsmoor 220) to the satisfaction of an execution to be issued on the revised judgment. The bill charged that Peter Bressler, in fraud of his creditors' rights, had fraudulently conveyed, on July 1, 1884, all of said mortgaged premises, save the Dinsmoor land, to Frank Bressler, and that the latter corruptly held the title to the same for the use of his father, Peter Bressler.

On the hearing, February 25, 1889, the Circuit Court found that there was due Adam Smith the sum of $4,348.23, and ordered all the lands originally mortgaged to be sold to satisfy such sum of money. The court found that there was due Martin the sum of $1,895 on his judgment, vacated the satisfaction produced by the sale of the Dinsmoor land, ordered execution to issue on such judgment for $1,895 and interest, and ordered that the judgment be a lien on all the mortgaged lands conveyed by Peter Bressler to Frank Bressler by deed dated July 1, 1884, and found that Frank Bressler held these lands in fraud of the rights of Martin, as creditor of Peter Bressler.

It appeared in the evidence, on hearing of the original bill, that a special master in chancery had sold, February 2, 1888, the 220 acre tract to Dinsmoor for $7,478.54, the full value of the premises, and that he had sold to satisfy the amount due Smith under decree of December 20, 1887, the following lands: E. $\frac{1}{2}$ of S. W. of Sec. 7, for $800; E. $\frac{1}{2}$ of N. W. of Sec. 18, for $476; that part of E. $\frac{1}{2}$ of S. W. of 18 north of Elkhorn Creek, for $50; W. $\frac{1}{2}$ of S. E. of Sec. 7, except 15 acres, for $450; part of N. E. of 18, north of Elkhorn Creek, $476; and that Frank Bressler, January 28, 1889, redeemed from the sale made under the Smith mortgage. No redemption was made from the Dinsmoor sale.

Frank Bressler appealed, and in the Appellate Court assigned for error on the original bill, that the Dinsmoor lands and the lands last above described, together with the remainder of lands covered by the Smith mortgage, were ordered to be sold. This error in no wise affected the rights of Martin under his cross-bill; but it was deemed a ground for partial reversal of the decree rendered on the original bill. But as Dinsmoor was not a party, and his rights could not thereby be affected, the alleged error was neutralized by Smith filing a motion in the Appellate Court to release from his mortgage lien the Dinsmoor lands and the lands sold under the former decree of Smith. This motion was allowed in the Appellate Court and the decree on the original bill was reversed, so far as it applied to the lands described in said

motion.   Adam Smith and Frank Bressler were required each
to pay one-half of the costs, and in all other respects the
decree below was affirmed.   Bressler v. Martin, 34 Ill. App.
122; Bressler v. Martin, 113 Ill. 278.

At the May term, 1891, of the Circuit Court, the following
motion was made, to wit: And now comes Frank S. Bressler
by counsel and moves the court that the levy made by the
sheriff of said county on the following described lands, to
wit: the east half of the southwest quarter of section seven
(7); also east half of the northwest quarter of section eight-
een (18); also all that part of the east half of the southwest
quarter of section eighteen (18) lying north of Elkhorn
Creek; also northeast quarter of section eighteen (18), north
and west of Elkhorn Creek; also northwest quarter of south-
east quarter of section seven (7) and twenty-five acres from off
the east side of southwest of the southeast quarter of section
seven (7), said two tracts last described constituting lot one
(1) as platted; all of said described lands being situated in
township twenty-one (21) north, range seven (7) east of the
fourth P. M., in Whiteside county, Illinois, be vacated, an-
nulled and set aside, and the sale thereunder be also vacated,
annulled and set aside for the following reasons :

1.   For the reason that the judgment under which said ex-
ecution was issued has been satisfied, and was not a valid and
subsisting judgment at the date of said levy.

2.   For the reason that the judgment under which said
execution was issued, and upon which said execution said levy
was indorsed, was not and is not a lien upon said above
described lands and premises.

3.   For the reason that said John Martin, at the date of
said levy, had no legal right to levy said execution upon said
lands or sell said lands under said execution.

4.   For the reason that the above described lands were on
the 2d day of February, A. D. 1888, sold under a prior mort-
gage, executed by Peter Bressler to Adam Smith, and neither
said Peter Bressler nor any one for him, nor said John Martin,
ever redeemed from said mortgage sale.

5.   For the reason that after said judgment had been satis-

fied of record, Frank S. Bressler, on July 1, 1884, purchased said lands and premises from Peter Bressler in good faith for a valuable consideration, and on said date took the actual, open and visible possession of said lands and premises, and has continued in such possession to the present time, and is now in possession thereof and the legal and equitable owner of the same. And the satisfaction of said judgment has not been vacated as to said lands and premises, nor said judgment been reinstated or made a lien upon said premises, and said levy and sale is therefore illegal and void, and should be vacated and set aside.

6. For the further reason that the statute requires, when real property is taken in execution, which is susceptible of division, it shall be sold in separate tracts, and as this land was susceptible of division, it should have been sold in separate tracts and not *en masse* as was done in this case.

Signed, FRANK S. BRESSLER.

C. L. SHELDON and JARVIS DINSMOOR, Att'ys.

Motion heard, and order of court overruling motion. Exception and appeal to this court.

Mr. C. L. SHELDON, for appellant.

Mr. J. E. McPHERRAN, for appellee.

*Per Curiam.* Two grounds of error are assigned in this court. The first is, that the court below erred in entering the decree at February term, 1891, being done after the decisions in this and the Supreme Court on a former appeal, and that the court below also erred in overruling appellant's motion to set aside the sale by the sheriff, of the lands deeded to appellant by his father under execution on the Martin judgment against Peter Bressler, the appellant's grantor, made after its revival by order of the Circuit Court which was affirmed by this and the Supreme Court. The appellee can not avail himself of the first error assigned, even if an error, for the reason that no appeal was taken from the said order of the court. The appeal in this case was taken from the order of the court

made at the May term, 1891, overruling the motion to set aside the sale under the above noted execution. This appeal does not bring up the order made at a former term of the court. We therefore dismiss that question without decision, as not being before us.

On the other assignment of error several reasons are urged for reversal, none of them, however, we think valid. It is insisted that the decree of the Circuit Court setting aside the sale and satisfaction of the Martin judgment was rendered inoperative, for the alleged reason that this court when the case was here before, reversed it so far as the land in question was concerned, and that the present levy and sale is therefore void. This is an entire misapprehension as to what was decided by this court. Smith had made a motion to release the Dinsmoor land which was granted by the court, and that was all that was intended; but even if the orders of this court as recorded were broad enough to cover the lands in question, it would not affect the judgment lien of appellee, which attached under the statute as soon as the satisfaction was set aside, and the judgment thereby revived.

The order of the court below in that case was that " the satisfaction on the Martin judgment be vacated, and that Martin have execution on said judgment, and that the judgment be a lien upon the lands and premises first above described." If this last clause was stricken out, the order setting aside the satisfaction, and ordering an execution to issue would remain, and would have as much force and effect as if the order contained the declaration of a lien. Such a declaration was not required and was superfluous. The statute creates a judgment lien and no order of the court is required. After the case was appealed from this to the Supreme Court, that court considered the evidence touching the lien of the judgment of appellee as against the appellant, and held that its revival made it a lien as against appellant, and that he must be held to notice of the existence of the judgment, using this language : " He (appellant) purchased pending the litigation between Dinsmoor and Martin and is chargeable with notice that if Dinsmoor prevailed therein, Martin would be entitled to

have his lien revived. He occupies no better position in this controversy than does his father, Peter Bressler."

This, then, settles the rights of the parties herein as to the lien of appellee's judgment as against appellant and no more need be said on that subject. The cross-bill of Martin was germane and gave the court jurisdiction of all matters that were passed on in that suit, and the decree thereunder is binding on the parties to the suit, or the cross-bill, and a point like that can not be raised here for the first time. It is objected that the land in question was sold *en masse* and that under the statute this was illegal. We do not understand the law forbids the lands to be sold *en masse*, if, upon its being offered in separate tracts or lots, it fails to sell; or if it will not bring as much in that way as if offered *en masse*, and enough has not been realized or would be realized, if bid off in separate lots or tracts, to satisfy the judgment, and there are no special equities against the sale being allowed to stand. The statute provides that " When real or personal property is taken in execution, if the same is susceptible of division, it shall be sold in separate tracts, lots or articles, and only so much shall be sold as necessary to satisfy the execution and costs." The object in requiring lands to be sold in this way was to save to the judgment debtor a portion of his land if " tracts or lots " of it would satisfy the judgment, and if his land would bring as much sold in this way, to enable him to redeem certain tracts of it without being compelled to redeem the whole. But to absolutely require his land to be sold in separate tracts or lots, when if sold *en masse* it would bring more, and satisfy more of the judgment against him which would be unsatisfied without the higher bid, would be to require the plaintiff in the execution in many cases to desist in making his debt when the defendant had sufficient property to satisfy it, if sold *en masse*.

We do not think the statute was intended to thus operate. The lands in this case were put up first in forty acre tracts, and then in eighty acre parcels and the bids reserved, and then put up *en masse*, and then a higher bid was received for it than the aggregate of the separate bids, and enough to satisfy

appellee's judgment and costs, while without so selling, it would not have been sufficient. This was proper. Van Valkenburg v. Trustees, 66 Ill. 103; Phelps v. Conover, 25 Ill. 309. The statute has been changed in its wording somewhat but we think not in substance.

The Supreme Court recognizes no different rule under the wording of the new statute than under the old. Smith v. Huntoon, 134 Ill. 24. No inadequacy of price is shown in this case, nor any equities existing in favor of appellant that would compel the setting aside of the sale. Seeing no error in the record the order of the court below in overruling appellant's motion to set aside the sale is affirmed.

*Order affirmed.*