IN RE PETITION OF WILLIAM L. ROACH TO SET ASIDE A SHERIFF'S SALE.

(*July* 21, 1925.)

HARRINGTON and RICHARDS, J. J., sitting.

*Charles M. Cullen* for petitioners.

*James M. Tunnell* for Harland M. Joseph, the purchaser.

*Daniel J. Layton* for the Sheriff.

Superior Court for Sussex County, June Term, 1925.

HARRINGTON, J., delivering the opinion of the court:

The motion to set aside the sale made by the sheriff refers to the garage lot only. The petitioner first contends that the sale of this lot should be set aside for gross inadequacy of price because it was sold for $1,100, though worth $2,000. Whether this would constitute a sale for a grossly inadequate price within the rules laid down by this court (*Cowen v. Stevens*, 3 *Harr.* [*Del.*] 494; *Booth's Ex'r v. Webster*, 5 *Harr.* [Del.] 129; *Cowgill v. Cahoon*, 3 *Harr.* [*Del.*] 23; *Oldham v. Hossenger*, 5 *Houst.* [*Del.*] 434; *Broomall v. Reybold*, 5 *Houst.* [*Del.*] 435; *Roger v. Ocheltree*, 4 *Houst.* [*Del.*] 452) need not, however, be decided by us, as the facts do not sustain the contention of the petitioner.

It is true that $1,100 was offered for the garage lot when it was put up for sale separate and apart from the dwelling house lot. It is also true that it appears that the petitioner could produce a person who would be willing to bid $2,000 for this lot in case of a resale, but there is nothing whatever to show what the purchaser actually gave for this lot when it was finally sold, as the purchase price of $4,250 covered both lots. The sale, therefore, cannot be set aside on this ground.

The petitioner also contends that the sale of this lot should have been set aside because it was not sold as a separate and distinct parcel of land, as advertised. *Section* 4320, *Rev. Code* 1915, provides for the sale of real estate on execution process. *Sections* 4361 and 4362 of the same Code provide for the place of sale, for notices of such sale, describing the property to be sold, and the posting and publication thereof; there is, however, no statutory provision regulating the exact mode of sale and whether in parcels or as a whole.

The primary object of an execution sale is the collection of the money due the execution creditor. The policy of the law, there-

fore, is to multiply bidders and increase competition. As a general rule a sale of separate properties in parcels rather than as a whole tends to accomplish this purpose, as there would naturally be more persons both able and willing to buy.

In *Hazzard v. Burton*, 4 *Harr.* (*Del.*) 62, this court, therefore, said:

"It is not a proper mode for the sheriff to sell property * * * in large parcels where it will admit of a different mode of sale; and the court would set aside such a sale for irregularity."

While the Harrington Case involved personal property only, the same general rule would also necessarily apply to real estate. *Ryerson v. Nicholson*, 2 *Yeates* 516; *Donaldson v. Bank of Danville*, 20 *Pa.* 245; *Jackson v. Newton*, 18 *Johns.* (*N. Y.*) 355; *Cunningham v. Cassidy*, 17 *N. Y.* 276; 17 *Cyc.* 1249; 20 *Pl. & Pr.* 215; *Freeman on Ex.*, § 296; 10 *R. C. L.* "*Executions*," § 92, *p.* 1296.

Notwithstanding the well-established general rule, it is well settled, however, that several separate and distinct lots or parcels of real estate may, under certain circumstances, be sold as one parcel. This is true when for lack of bidders they cannot be sold separately or when though there are more than two lots or parcels they cannot be sold in combinations; it is also true when such parcels clearly can be sold more advantageously as one tract or parcel. *Freeman on Executions*, § 296; 20 *Ency. P. & Pr.* 215; *McMullen v. Gable*, 47 *Ill.* 67; *Cunningham v. Cassidy*, 17 *N. Y.* 276; *Cohen v. Menard*, 136 *Ill.* 130, 24 *N. E.* 604; *Mugge v. Helgemeier*, 81 *Ind.* 120.

Both of the lots sold had been used by William L. Roach as one parcel of land, and that they could be sold more advantageously as one lot was demonstrated at the sale by their first being offered in separate parcels and the aggregate amount bid being $250 less than the amount bid when both lots were offered as one. This case, therefore, comes within the exception to the general rule above referred to.

The Illinois statute provides for a sale in parcels when the property levied on is susceptible of division. Yet in *Bressler v. Mar-*

*tin*, 42 *Ill. App.* 356, the court refused to set aside a sale conducted in the same manner that the sheriff conducted this sale.

For the reasons above given, the application of the petitioner to set aside the sale of the garage lot, formerly belonging to William L. Roach, is refused.

NOTE—For the usual practise in case of a sale on a mortgage, see *Beck v. Bank*, 5 *Houst.* 120.