IN RE PETITION OF THOMAS LONG FOR A RULE TO SHOW CAUSE
WHY A SHERIFF'S SALE SHOULD NOT BE SET ASIDE.

MECHANICS' LIENS—FORECLOSURE—SALE—PUBLIC NOTICE—SUFFICIENCY.

Where an advertisement of a sheriff's sale on the foreclosure of a mechanic's lien described only the house, and that as "situate" on a certain tract of land, the sale of both the house and land was unwarranted, for the insufficiency of the advertisement to give public notice of the sale of such land.

(*October* 10, 1912.)

Judges BOYCE and RICE sitting.
*Robert G. Houston* for petitioner.
*James M. Tunnell contra.*
Superior Court, Sussex County, October Term, 1912.

RULE TO SHOW CAUSE (No. 2, June Term, 1912) why a sheriff's sale, returned to the October Term of Court, Sussex County, A. D. 1912, should not be set aside.

The judgment upon which a writ of *Levari Facias* (No. 10, June Term, 1912) had been directed to the sheriff, was obtained by proceedings of *scire facias sur* mechanics' lien, at the suit of Henry Holt, the contractor, for the erection of a house against Henry M. McDowell, the reputed owner of the land on which the house had been erected, who, it was admitted, had an equitable interest in said land, under a parol contract for the sale thereof, and with whom the contract for the erection of the house had been made.

The sheriff, in execution of said writ of *levari facias*, advertised as follows:

"By virtue of a writ of *Levari Facias* on Mechanics' Lien, to me directed, will be exposed to public sale, etc. * * * the following real estate, to wit:

"Said house is a one and one-half story dwelling, situate in Baltimore Hundred, Sussex County and State of Delaware, near the town of Millville, the building being sixteen by twenty feet, with a shingle roof, said building, house or structure being situate on a certain tract or parcel of land on the west side of the county road leading from the home of Lydia Evans to the farm of William J. Hudson, said tract being adjoining to lands of Capt. Luke Townsend, Manaen Robinson and others, and said building, house or structure being situate on the southern side of said tract of land formerly owned by Cyrus Holt, and then conveyed to James N. Bennett, and then conveyed to Thomas Long, and by him sold or bargained to be sold to Daniel W. McDowell."

A sale was had according to said advertisement.

Statement—Opinion.

Thomas Long, the owner of the legal title in the land, preferred the petition for said rule to the court, alleging as grounds for setting the sale aside:

(1)   That your petitioner received no personal notice of said sale.

(2)   That said land, consisting of ten acres, located as aforesaid, was improperly sold under said execution.

(3)   That public notice of the sale of said land was not given as provided by law, in that the description therein is not sufficient as required by the statute in such case made and provided.

(4)   That the said sum of two hundred dollars at which the same was sold, is grossly inadequate, the property, including house, being worth four hundred dollars.

At the hearing, counsel for the rule conceded that if the house only was sold by the sheriff, under said advertisement, the price therefor was not inadequate; but he contended that the price was grossly inadequate, if the land on which the house was erected passed by the sale.

The only question considered by the court was the sufficiency of the advertisement for the sale of the house *and the lot.*

BOYCE, J., delivering the opinion of the court:

We are clearly of the opinion that it does not sufficiently appear that both the house and lot of ground were advertised for sale.

The advertisement is confined to a description and the location of the house.

Upon this announcement, counsel against the rule requested that the sale be set aside.

BOYCE, J.:—The rule is made absolute, and the sale is set. aside.