IN RE PETITION OF JULIA A. P. ADAIR, to set aside a sheriff's sale.

MORTAGES—FORECLOSURE SALE—SETTING ASIDE—PARTIES.

An application to set aside a sheriff's sale on a writ of levari facias, issued on a mortgage foreclosure, must be made by the defendants in the writ, or one of them, or by a judgment creditor whose judgment is a lien upon the property sold; and cannot be made for the purpose of trying title between persons not parties to or directly affected by the sale.

(*May* 15, 1916.)

Judges Rice and Heisel sitting.
*Artemas Smith* for petitioner.
*David J. Reinhardt* for respondent.
Superior Court, New Castle County, May Term, 1916.

Petition by Julia A. P. Adair for rule directed to Horace G. Eastburn and wife, mortgagors, Allen B. Clement, purchaser at sheriff's sale, under foreclosure proceedings, and Harry J. Stidham, sheriff, making the sale, to show cause why the sale should not be set aside. Rule discharged, and petition dismissed.

It was averred in the petition substantially as follows:

That on or about the twenty-fifth day of September, A. D. 1912, the petitioner was the owner in fee simple of a lot of land, situate in etc., described, etc.; that on said date the petitioner conveyed said lot of land to Horace G. Eastburn, Esq., but received no consideration therefor at that or at any other time subsequent or prior thereto; that the said Eastburn on and about that time and for a long time prior thereto, was acting as attorney for your petitioner, particularly with reference to certain other real estate situate in, etc., and described, etc., and acting as attorney as aforesaid, the said Eastburn took title to the said last mentioned real estate from William S. Prickett, Esq., the consideration being the sum of six thousand seven hundred and forty dollars and thirty-five cents mainly secured by a first mortgage for five thousand five hundred dollars, executed by the said Eastburn and his wife; that the said first mentioned lot of land was conveyed by the petitioner to said Eastburn without consideration, as attorney for your petitioner to enable him, as such to perfect arrangements for taking over in his name, the legal title to the real estate acquired from said Prickett, for her benefit and behalf; that on or about the first mentioned date after the delivery to him, the said Eastburn, of the said deed for the first mentioned lot of land, he, the said Eastburn borrowed the sum of one thousand, five hundred dollars from one Allen B. Clement, plaintiff in the writ of *levari facias*, No. 19, May Term, 1916, under which said lands were sold by the sheriff "for the purpose of providing for sundry expenses in relation to the said transactions incurred,

or about to be incurred in connection therewith, by or on behalf of your petitioner and for the further purpose of providing for the balance of the said consideration money for the said real estate, acquired from said Prickett, and your petitioner is informed and believes that the said moneys were obtained by the said Horace G. Eastburn, as attorney, for and on her behalf, and that any other use than that intended by her and represented to her would be a fraud upon her rights; that thereafter, to wit, on or about the second day of October, A. D. 1912, the said Horace G. Eastburn and Jean A. Eastburn, his wife, the defendants in the above stated writ, by an indenture of mortgage, duly executed under their hands and seals, in which said mortgage the said Allen B. Clement, designated as 'trustee' was named as mortgagee, conveyed in fee simple unto the said Allen B. Clement, trustee, both of the said pieces of real estate to secure unto the said Allen B. Clement the payment of the said sum of fifteen hundred dollars with interest, etc., which said mortgage was subsequently foreclosed on which the above stated writ was issued;" that the petitioner filed a bill in equity, the object of which was to establish the rights and title of your petitioner to said real estate; that the Chancellor entered a decree in the said cause in favor of the said Horace G. Eastburn and against your petitioner; thereupon, your petitioner gave notice to said court that an appeal from the Chancellor's decree would be taken to the State Supreme Court and she avers her intention to take and perfect the said appeal, etc.; that on the first day of May, A. D. 1916, Harry J. Stidham, Esq., Sheriff of New Castle County, under and by virtue of said writ of *levari facias*, sold the first mentioned lot of land and a part of the second mentioned real estate at public sale to Allen B. Clement, plaintiff in the said writ, for the sum of one thousand dollars, and has made his return to this court, "advertised," etc.; that the petitioner is informed and believes that the foreclosure proceedings in this court, through which the judgment on which said writ was issued, were brought by collusion of the parties thereto, for the purpose of defrauding her of her rights in the premises; that the said parcels of real estate, so sold as aforesaid, are of the value of more than seven thousand dollars; that the said sale of said real estate

Motion—Arguments.

should not be confirmed by this honorable court, but should be set aside for reasons particularly stated, and substantially disclosed by the foregoing.

The rule coming on to be heard, counsel for the respondent moved the court to discharge the same for the following reasons:

1. It does not appear from the petition and affidavit filed that the petitioner was a party to, or interested in, the foreclosure suit as a result of which said lands were sold by the sheriff.

2. It affirmatively appears from the petition and affidavit filed that the petitioner is not a party to the foreclosure proceedings mentioned, also that she is neither plaintiff nor defendant in said writ; that she is not a judgment creditor whose judgment is a lien upon said lands so sold by said sheriff, and that she has no sufficient interest in the said foreclosure suit and the proceedings thereunder to warrant this court in going into a hearing upon the said rule.

3. It affirmatively appears that the matters and issues of fact set forth in said petition, were litigated and finally determined adversely to said Julia A. P. Adair in a certain suit heard in the Court of Chancery between her and the said Horace G. Eastburn, and that no appeal from said final decree has yet been taken, or perfected. Said petitioner is therefore estopped from now setting up or relying upon any of said matters and issues of fact, in any hearing upon the said rule.

Strangers to an action have usually no right to interfere with its management, nor to complain of its result. 2 *Freeman on Execution*, § 305; *McLaughlin v. Bradford*, 82 *Ala.* 431, 2 *South.* 515.

The rule is general that a former judgment on the merits, between the same parties, in a court of competent jurisdiction, is conclusive *and final* as to any issue actually litigated and determined in the former actions however erroneous, and which issue is essential to the maintenance of a second action between them though it be brought upon a different cause of action. *Jones v. Warner Co.*, 2 *Boyce*, 572, 83 *Atl.* 131; *Worknot v. Millen's Adm'r*, 1 *Harr.* 139.

A general dismissal of the complainant's bill, after a consideration of it on the merits thus denying the relief prayed by

him, is a final judgment or decree.  13 *Ency. L.* 36; 24 *Ency. Law*, 803, 811; *Hubbell v. United States*, 171 *U. S.* 203, 18 *Sup. Ct.* 828, 43 *L. Ed.* 136.

Motion for a new trial pending, does not prevent the verdict from being *res adjudicata*.  *Chase v. Jefferson*, 1 *Houst.* 259.

Counsel for the petitioner contended that although certain matters averred in the petition had been passed upon by the Chancellor, yet the time not having expired for the petitioner to take an appeal to the Supreme Court, said matters were not *res adjudicata*.

HEISEL, J.: We sustain the motion to dismiss the rule, on the ground that the petitioner is not such a party as has the right in a proceeding of this character to make objection to the confirmation of the sheriff's sale.

*Woolley on Delaware Practice* lays it down that the application must be made by the defendant or defendants in the writ, or one of them, or by a judgment creditor whose judgment is a lien upon the property sold.  So that the person who can object to the confirmation of the sheriff's sale in a proceeding of this sort has to be one whose interest appears by the records of this court, and cannot be brought for the purpose of trying title between persons, not parties to, or directly affected by the sheriff's sale. Petition dismissed.

Let the costs of this proceeding be taxed against the petitioner.