## IN RE PETITION OF SEAFORD HARDWARE COMPANY, INC.

*(February* 24, 1926.)

PENNEWILL, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*Daniel J. Layton* for petitioner.

*James H. Hughes* for respondents.

Superior Court for Sussex County, February Term, 1926.

HARRINGTON, J., delivering the opinion of the court:

*Section* 4358, *Revised Code* 1915, provides that a sale on a writ of *lavari facias* shall be "subject to the same provisions respecting notice of sale * * * as are hereinafter contained for the sale of lands under execution process in other cases."

It is true that *Section* 4392 of the same *Code*, apparently referring to writs of *fieri facias*, provides:

"If there have been a levy, or seizure, of lands, the sheriff's return shall specify the principal improvements thereon, if any, as well as the known, or computed, quantity and situation thereof."

But *Section* 4361 of the same Code also provides:

"Public notice of the sale of lands and tenements under execution process, shall be given by advertisements posted, at least, ten days before the day of sale, in ten of the most public places of the county where the premises are situated, setting forth the day, hour and place of sale, and what lands and tenements are to be sold, and where they lie. * * * Notice of such sale as aforesaid shall also be advertised for two weeks previous to the time of said sale in two newspapers of the county wherein the said property is situated. * * * In advertisements of notice of sale of real estate in newspapers, by the sheriff of any county in this state, under execution process, it shall be sufficient if the property to be sold shall be described therein in such manner that the same may be readily identified. It shall not be necessary to describe the same by metes and bounds, or courses and distances. Nor shall it be necessary in any case to follow the description of the property in the writ of execution under which it is sold."

The question before us is whether the advertisements of the sale in question, posted in various places of the county, and also advertised in the county newspapers, sufficiently described the property to be sold so that it could be readily identified.

It is true that *Chapter* 478 *of Volume* 15, *Laws of Delaware*, passed in 1877, specifically provided that the "principal improvements" should be specified in advertisements of sheriff's sales. This act was repealed, however, in 1879 *by Chapter* 143, *Volume* 16, *Laws of Delaware*. Both *Karsner v. Bailey*, 5 *Houst.* 405, and *Oldham v. Hossenger*, 5 *Houst.* 434, were decided while this provision of the statute was in force, and, therefore, have no application to the present statute. See, also, *Thompson v. King*, 2 *Marv.* 358, 43 *A.* 168.

The notices of sale provided for by *Section* 4361 are for the purpose of apprising the public, as well as parties in interest, in-

cluding owners and lien creditors, of the time and place of sale and what property will be offered for sale by a sheriff under a writ of *venditioni exponas* or *levari facias*.

Under the present statute there, undoubtedly, are cases where it is not necessary to refer to the improvements in order to properly identify property to be sold, but there are also cases where such improvements constitute essential identifying features. That in such cases a description by metes and bounds and courses and distances, as well as by roads and adjoining owners, is not sufficient is clear; and this would be true, even though the description in the mortgage be of that character. This principle would seem to apply with special force to apple orchards in bearing covering practically the whole or, at least, a sustantial part of the property to be sold.

With respect to persons not living within the immediate neighborhood of such property, it is conceivable that an appropriate reference to the orchards thereon would identify and call attention to such property as no other description would.

But though a failure to refer to the apple orchards did constitute an irregularity in the advertisements of such sale, that does not necessarily settle the question before us. The principle controlling petitions to set aside sheriff's sales is well stated in *Miles v. Wilson*, 3 *Harr*. 382. Such petitions are "usually granted for some defect or irregularity in the process, or mode of conducting the sale, or for neglect of duty or misconduct on the part of the sheriff, or some other sufficient matter, and proceed merely from the exercise of that control or authority over its own process, which the court would exert in any other case, for the correction of abuses or the prevention of injury."

While the power to set aside sales, in accordance with the above principles, is broad, its exercise appears to be within the sound discretion of the court out of which the process issued. Woolley on *Delaware Practice*, § 1108. See, also, *Prior v. Prior*, 41 *Hun* (*N. Y.*) 613; 38 *Cyc*. 38.

The petitioner is a judgment creditor who does not contend that the property bound by his lien did not bring its full value at

the sale. That being true, that he was in no way injured by the failure of the advertisements to clearly identify the property is clear.

It is true that because of irregularities in either posting or delivering advertisements, in accordance with the provisions of the statute, sheriff's sales have frequently been set aside, not only on the application of the defendant in the writ, but also on the application of a terre-tenant (*Burton v. Wolfe*, 4 ·*Harr.* 221; *Underwood v. Jeans*, 4 *Harr.* 201; *Roger v. Ocheltree*, 4 *Houst.* 452; *Lewis v. Woodall*, 4 *Houst.* 543; *In re Long*, 3 *Boyce* [26 *Del.*] 447, 84 *Atl.* 1030; *Hawthorne v. Sayers*, 2 *Marv.* 177, 42 *A.* 478; see, also, *In re Adair*, 6 *Boyce* [29 *Del.*] 245, 99 *A.* 45) as well as on the application of a judgment creditor (*Cochran v. Deakyne*, 2 *Marv.* 367, 43 *A.* 170), and even in cases where the report does not show who made the application (*Clements v. Williamson*, 5 *Houst.* 225).

The underlying principles were not discussed in many of the above cases, but after all they are merely applications of the exercise of the discretionary power of the court to set aside sales on execution process.

While the advertisements in this case should have referred to the orchards on the property to be sold in some appropriate manner, as the petitioner was in no way prejudiced by their failure to do so, the sale will not be set aside.

The same general principle was applied in *In re Roach*, 3 *W.. W. Harr.* (33 *Del.*) 89, 130 *A.* 676.

For reasons above given, the prayer of the petitioner is refused and the sale in question is approved and confirmed.

NOTE.—The early rule in this state required some proof in support of a petition alleging that the statutory notice of a sale had not been given; slight evidence to that effect was, however, sufficient. *Underwood v. Jeans*, 4 *Harr.* 201. The present rule on such a petition requires the sheriff to show that he complied with the statute without any preliminary proof being presented by the petitioner. *Burton v. Wolfe*, 4 *Harr.* 221; *Roger v. Ocheltree*, 4 *Houst.* 452.