WESTERN SAVINGS FUND SOCIETY OF PHILADELPHIA, a corporation of the State of Pennsylvania, Assignee of Mortgage Service Corporation, a corporation of the State of Delaware, Plaintiff Below,

v.

Clifford K. BAYLIS and Ethyl V. Baylis, his wife, Defendants Below,

APPEAL of REDISCO, INC., a corporation, of the State of Michigan.

Supreme Court of Delaware.

May 23, 1969.

Francis J. Trzuskowski, of Connolly, Bove & Lodge, Wilmington, for Redisco, Inc., appellant.

Bernard Balick, of Aerenson & Balick, Wilmington, for Stephen J. Stevens, appellee.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice.

The appellant, Redisco, Inc., asks us to reverse an Order of the Superior Court denying its motion to set aside a Sheriff's sale of land under mortgage foreclosure proceedings, wherein the plaintiff was The Western Savings Fund Society of Philadelphia, and the defendants were Clifford K. Baylis and his wife. Appellant's application was opposed in the Court below as well as here by Stephen J. Stevens, the purchaser. The basis for the motion was the alleged failure of Redisco, which is a judgment creditor, to receive advance notice of the sale.* The sole question for decision is whether such notice is required by T. 10 Del.C. § 4972 and § 4973, reading as follows:

"Public notice of the sale of goods and chattels by a sheriff, or coroner, under execution process, and of the day, hour, and place thereof, shall be given by advertisements posted, at least ten days before the day of sale, in five, or more, public and suitable places in the county, two of which, at least, shall be in the hundred of the defendant's residence, if he resides in the county. One such advertisement shall, ten days at least before the day of sale, be delivered

---

* An additional ground, i. e., inadequacy of price, was alleged in the petition, but has not been argued before us.

to the defendant, and one to each plaintiff in the execution, and also to each plaintiff in any other execution, or executions, at the time in the hands of the sheriff, * * *.

"Public notice of the sale of lands and tenements under execution process, shall be given by advertisements posted, at least ten days before the day of sale, in ten of the most public places of the county where the premises are situated, setting forth the day, hour and place of sale, and what lands and tenements are to be sold, and where they lie. * * * The provisions of section 4972 of this title respecting the delivery of an advertisement of the sale of goods and chattels under execution process, to each plaintiff in the execution, and also to each plaintiff in any other execution or executions, at the time in the hands of the sheriff or coroner, shall be in all respects applicable to the case of the sale of lands and tenements under execution process. * * *"

At the term of Court prior to the sale, Redisco issued a writ of *fieri facias,* under which the Sheriff levied upon the personal property of Mr. and Mrs. Baylis. The Sheriff then returned the writ to the Prothonotary, leaving the goods unsold and in the possession of the defendants. No new additional writ was issued on Redisco's judgment. The Sheriff sold the real estate during the next term on this mortgage foreclosure judgment. Redisco alleged in its application to set aside the sale that it had received no notice of the sale; this allegation was denied, but for present purposes, we will assume it to be true. In the briefs, the parties have assumed that failure to notify a creditor who is entitled to notice under the statute furnishes sufficient reason to justify setting a sale aside, even though the property brings a price equivalent to its full value. This seems to be the implicit holding of Clements v. Williamson, 5 Houst. 25, in which the petitioning creditors' executions were still in the Sheriff's hands. We shall make the same assumption here without deciding the point.

■ Appellee's argument is predicated upon the precise language of the quoted statute (§ 4973), which requires notice to the plaintiff in the execution and to "each plaintiff in any other executions, at the time in the hands of the sheriff * * *." He contends that the Sheriff had no execution on Redisco's judgment in his hands when he advertised the land, having previously made return of the only writ ever issued on that judgment, as required by T. 10 Del.C. § 5041. The Court below agreed with this contention.

■ The appellant argues that "execution process" on its judgment was commenced upon the issuance of the *fieri facias* to the Sheriff, and that his return of that writ showing a levy upon personal property does not take the "process" out of his hands, wherefore notice to the appellant was required. We disagree. The words in the statute "in the hands of the Sheriff" do not refer to execution process, but to "any other execution." This means that a writ must be in his hands at the time; to be in his hands, it must be in his possession. Florida Guaranteed Securities v. McAllister, 5 Cir., 47 F.2d 762. The situation is not affected by the existence of the Sheriff's special property or qualified right in the personalty levied upon but left in a defendant's possession, as described in Short v. Landes, 3 Terry 510, 39 A.2d 17. The levy brings the property *in custodia legis,* and the Sheriff's right in the property, after the return of the writ, enables him to preserve the goods, but he cannot sell them until he receives a new writ. In short, the writ is not in his hands after its return. 2 Wooley on Delaware Practice § 1088. The result is that the Sheriff was not required by this statute to notify Redisco of the sale.

It must be acknowledged that this statute needs revision. It was first enacted well over one hundred years ago, and is simply not designed for present-day pro-

cedures. In the case of Petition of Seaford Hardware Co., Inc., 3 W.W.Harr. 146, 132 A. 737, it was suggested that the notices of sale required are for the purpose of apprising the public, as well as parties in interest, including owners and lien creditors, of the sale. The truth is, however, that the statute does not require notice to lien creditors, but only to those who have executions in the hands of the Sheriff at the time. We can suggest no logical reason for the limitation, which seems to be an anomaly. If notices to creditors are to be required, it would seem that they should be given to all lienholders. Indeed, we are informed that such a procedure has in fact been followed for a number of years in at least two counties, even though not required by the statute. We commend that procedure and suggest its adoption by rule of the Superior Court, or, if necessary, by legislative action.

The Order entered below will be affirmed.