**AIMS, INC., a Delaware corporation, Intervening Petitioner Below, Appellant,**

v.

**CEDAR INN, INC., a Delaware corporation, Plaintiff Below, Appellee,**

**King's Inn, Inc., a Delaware corporation, and the United States of America, Defendants Below, Appellees, and Investment and Service Co., Inc., a Delaware corporation, et al., Appellees.**

Supreme Court of Delaware.

June 4, 1971.

William R. Hitchens, Jr. and Jay Paul James, of Morris, James, Hitchens & Williams, Wilmington, for appellant.

David S. Keil, of Keil & Keil, Wilmington, for appellee Cedar Inn, Inc.

James A. Walsh, of DeLuca, Julian & Walsh, Wilmington, for appellee King's Inn, Inc.

F. L. Peter Stone, U. S. Atty. for the District of Delaware, for appellee United States of America.

John Biggs, III, of Biggs & Battaglia, Wilmington, for appellee Investment and Service Co., Inc.

John A. Faraone, Wilmington, for appellee Francis W. Corridori, Inc.

Peter M. Sieglaff, of Potter, Anderson & Corroon, Wilmington, for appellee Delaware Trust Co.

Clair J. Killoran and Courtney H. Cummings, Jr., of Killoran & Van Brunt, Wilmington, for appellee J. and J. Corporation.

Joseph Longobardi, Jr., of Longobardi & Schwartz, Wilmington, for appellee John J. Smith, Sheriff of New Castle County.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

In this appeal from the Superior Court, the sole appellant, Aims, Inc., seeks the reversal of an Order confirming a Sheriff's sale of a property owned by King's Inn, Inc., as the result of a mortgage foreclosure. The appellant was not an owner or a lien holder, but was merely a bidder at the Sheriff's sale. It was not the successful or highest bidder, its last bid being $118,000.00, whereas the high bid was $120,000.00. It asked the Court below to set aside the sale on the ground that certain announcements made to prospective bidders prior to the commencement of the auction were misleading and thus depressed the price. The facts are fully set forth in the opinion of the Court below, reported in Cedar Inn, Inc. v. King's Inn, Inc., Del. Super., 269 A.2d 781 (1970), and need not be repeated here.

Appellant's basic theory is that the property did not bring its true value. At the hearing, the appellant guaranteed to bid at least $120,000.00 at the resale, if one should be held. There was nothing before the Court to insure that anyone would increase that bid. Moreover, no other party to the action objected to confirmation, although two judgment creditors advanced an argument having to do with the proper application of proceeds to the various liens. The Court's ruling, refusing to set aside the sale, appears to be entirely in accord with our reported cases.

We do not decide the foregoing point, however, because we are faced at the outset with a jurisdictional matter which has been heretofore overlooked in this case. It was said in In Re Adair, Del.Super., 6 Boyce 245, 29 Del. 245, 99 A. 45 (1916) that an application to set aside a Sheriff's sale must be made by a defendant in the writ or by a judgment creditor holding a lien upon the property. We think that language is unduly restrictive; see Petition of Adair, Del.Super., 8 W.W.Harr. 175, 38 Del. 175, 190 A. 105 (1936). A better statement is found in Union National Bank of Reading v. Delong Furniture Corp., 344 Pa. 583, 26 A.2d 440 (1942), which contains these words:

"While execution sales may, under some circumstances, be vacated at the

instance of third persons, strangers to the writ, it is a minimum requirement * * * that the petitioner be a party in interest either in the property sold or the proceeds thereof."

Under either view, however, the present appellant has no standing to question the validity of the sale. It has no interest in the land or in the proceeds. We have found no case which recognizes a right of objection by an unsuccessful bidder.

■ In the briefs filed in this Court by two of the appellees, we are asked to direct a change in the distribution of the proceeds, as ordered by the Court below. This question is likewise not properly before us because neither of those parties has filed an appeal or cross-appeal, in compliance with the rules of this Court.

For the foregoing reasons, the appeal must be dismissed.