**GRD PROPERTIES, INC., a Delaware corporation, Plaintiff,**

v.

**MARKANE, INC., t/a Maxwell Sullivan's, a Delaware corporation, Defendant.**

Superior Court of Delaware,
New Castle County.

Submitted: May 10, 1989.
Decided: June 6, 1989.

Shipley Associates, Inc.'s Motion to Set Aside Sheriff's Sale. Granted.

Stanley T. Czajkowski, of Czajkowski, Weik & Knepper, Wilmington, for plaintiff.

Douglas A. Shachtman and Gary L. Smith (argued), of Douglas A. Shachtman & Associates, Wilmington, for movant.

BALICK, Judge.

Shipley Associates, Inc., a judgment creditor of Markane, Inc., has filed a motion to set aside a sheriff's sale conducted pursuant to a writ issued by the prothonotary at the direction of GRD Properties, Inc.

Shipley argues that it was entitled to notice of the sale under the governing statute, which provides that an advertisement of the sale shall be delivered to "each plaintiff in any other execution, or executions, at the time in the hands of the sheriff...." 10 *Del.C.* § 4972. Both Shipley and GRD obtained judgments against Markane in the Court of Common Pleas. However, unlike GRD, which transferred the judgment to Superior Court and directed the prothonotary to issue a writ of execution, Shipley directed the issuance of a writ by the Court of Common Pleas. Shipley's writ was delivered to the sheriff on December 1, 1988. The sheriff's sale pursuant to GRD's writ was on February 10, 1989. Shipley's writ was returned *nulla bona* on March 6, 1989.

It is argued that Shipley was not entitled to notice because, not having actually levied upon the goods within 60 days of the delivery of the writ, Shipley's execution did not bind the goods as of the date of the sheriff's sale. 10 *Del.C.* § 5081.* There is nothing in the language of the statute to justify interpreting it to require notice only to those plaintiffs whose executions in the hands of the sheriff bind the goods of the debtor. The statutory requirement of notice to the plaintiff in any

* "An execution shall not bind goods and chattels until it is delivered to the sheriff or other proper officer to be executed. An execution shall, from the time it is so delivered, bind all the goods and chattels of the defendant within the bailiwick, which shall be actually levied upon within 60 days thereafter...."

other execution at the time in the hands of the sheriff refers to any plaintiff whose writ of execution has been delivered to the sheriff and has not yet been returned. Interpreting similar language in the statute on notice of public sale of real estate, the Supreme Court has held that a writ of execution is not in the sheriff's hands after its return. *Western Savings Fund Society of Phila. v. Baylis,* Del.Supr., 254 A.2d 847 (1969). Since Shipley's writ had not yet been returned, it was in the hands of the sheriff when notice of the sale was given.

■ The probable purpose of the statute is to provide for the widest possible notice to interested parties without placing an undue burden on the sheriff or the creditor at whose direction the sheriff's sale is being conducted. In *Western Savings Fund Society of Phila. v. Baylis,* the Supreme Court saw no logical reason why notice of a public sale of real estate should be limited to those lien creditors who have executions in the hands of the sheriff. Nor is there any logical reason why notice of a public sale of personal property should be limited to those judgment creditors whose executions in the hands of the sheriff bind the goods of the debtor. The plaintiff in an execution is no less interested in protecting his interest because he was unable to obtain a timely levy. And it would be simpler for the sheriff to give notice to plaintiffs in any other executions at the time in his hands than it would be to distinguish between executions that do and executions that do not bind the goods of the debtor.

The other issue in this case is the effect of the following language in the statute governing notice of public sale of goods and chattels: "This section [does] not apply to execution process issued by justices of the peace or the *Court of Common Pleas.*" 10 *Del.C.* § 4972. GRD argues that Shipley was not entitled to notice because Shipley's execution was issued by the Court of Common Pleas. Shipley argues that it was entitled to notice because the sale was conducted pursuant to GRD's writ, which was issued by Superior Court.

The language just quoted was added in the Code of 1953 by the Revised Code Commission. The Commission's explanation refers to the Revision Note under the section of the code providing that the subchapter on the lien of judgments does not extend to the judgments of the Court of Common Pleas:

A reference to judgments of the Courts of Common Pleas was inserted because judgments of any such Court, like judgments of justices of the peace, are not liens on real estate until transcripts thereof are filed with the Prothonotary. The Courts of Common Pleas were created subsequent to the enactment of the provisions carried into this revised section.

10 *Del.C.* 1953, § 4707.

Since a writ of execution for the sale of personal property does not create a lien on real estate, the stated reason for the revision does not seem to justify the reference to the Court of Common Pleas in the statute governing notice of public sale of goods and chattels. Moreover, unlike execution process issued by justices of the peace, which are governed by separate statutes, the statute on judgments and executions in the Court of Common Pleas says as follows:

Writs of execution for the seizure and sale of personal property based upon judgments obtained in the Court, shall be issued in the manner provided by law for writs issuing out of the Prothonotary's office in and for the respective counties for the seizure and sale of personal property. The Court may, by rule of the Court made for that purpose, change the method of procedure.

10 *Del.C.* § 1317(b).

The predecessor of the statute just quoted was enacted in 1917 as part of the Act creating the Court of Common Pleas for New Castle County. 29 Del.Laws, c. 250 (1917). However, the present version was reenacted in 1973 as part of the Act creating the state-wide Court of Common Pleas. 59 Del.Laws, c. 133 (1973). The latter Act provides that "Acts or part of Acts inconsistent with this Act are repealed to the extent of such inconsistency only."

 The provision added in 1953 must be harmonized with the statute on executions issued by the Court of Common Pleas. The provision added in 1953 says that the law governing notice of public sale of personal property pursuant to a writ issued by the Superior Court shall not apply to executions issued by the Court of Common Pleas. The statute enacted in 1973 says that Common Pleas' executions shall be issued in the manner provided by law for writs issuing out of the prothonotary's office, that is, by the Superior Court. The provision that Common Pleas' writs of execution shall be "issued" in the manner provided by law for writs issued out of the prothonotary's office must refer also to the manner of giving notice of a public sale pursuant to a writ of execution. For there is no statute governing notice of a public sale of personal property pursuant to execution process issued by the Court of Common Pleas like the statute applicable to justices of the peace. 10 *Del.C.* § 9554. Thus, there is no alternative statutory provision to the one governing notice of a public sale of personal property pursuant to a writ issued by the Superior Court. Since the Court of Common Pleas has not changed the method of procedure by rule, the provision added in 1953 is inconsistent with the statute enacted in 1973. C.C.P.R.Civ.P. 69. The earlier statute says that the procedure for Superior Court executions shall not apply and the later statute says that it shall apply. It follows that the earlier provision has been repealed. Since Shipley did not receive the notice to which it was entitled as a plaintiff in an execution at the time in the hands of the sheriff, Shipley's motion to set aside the sheriff's sale must be granted.

### ORDER

For the reasons stated in the opinion filed with the Prothonotary on this date, it is ORDERED that Shipley Associates, Inc.'s motion to set aside sheriff's sale is GRANTED.