**In the Matter of David A. SPENCER, Debtor.**

**Mohamed SOLIMAN and Union Mortgage Company, Plaintiffs,**

v.

**David A. SPENCER, Defendant.**

**Bankruptcy No. 89–670.
Motion No. 89–184.**

United States Bankruptcy Court, D. Delaware.

Dec. 22, 1989.

John H. Newcomer, Jr., Wilmington, Del., for Mohamed Soliman.

Bayard W. Allmond, III, Wilmington, Del., for debtor/defendant.

Jane W. Evans, Wilmington, Del., for Union Mortg. Co.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

Mohamed Soliman and Union Mortgage Company have moved for relief from the automatic stay provisions of § 362(a) of title 11, United States Code, for the purpose of allowing the Superior Court of Delaware to confirm a sheriff's sale. David A. Spencer filed a Chapter 13 case on November 20, one day before a scheduled hearing on his application to set aside that sale. At the insistence of Soliman's counsel and over Spencer's objection, a Superior Court Judge denied the application and directed that confirmation be stayed pending "clarification" by the bankruptcy court.

Spencer's property was sold by the sheriff on October 10, 1989 under a writ of *levari facias* issued on Union Mortgage Company's foreclosure judgment on its second mortgage in the principal amount of $6,928.86. Soliman bid in the property subject to the first mortgage for $8,000, making the required 10% ($800) deposit. Spencer's application to set aside that sale was timely filed. Since Spencer filed his bankruptcy case before the application was heard, the question raised is whether Spencer had any interest in the property at the time of the bankruptcy filing to bring into effect the automatic stay provisions of the Bankruptcy Code.

Section 541 of title 11, United States Code, provides that upon a bankruptcy filing an estate is created consisting of all the debtor's legal or equitable interest in prop-

erty. Section 362(a)(1) operates as a stay of the continuation of a judicial proceeding against a debtor that was commenced before the bankruptcy case or the continuation of a judicial proceeding to recover a claim against a debtor that arose before the bankruptcy filing. Section 362(a)(3) operates as a stay of any act to obtain possession of property of the estate, property from the estate or to exercise control over property of the estate. If under Delaware law Spencer had any legal or equitable interest in the property, the action taken on November 21 is in violation of the automatic stay provisions of title 11, United States Code.

Three sections of title 10 of the Delaware Code are relevant. Section 4976 provides that the sheriff shall execute a deed for property sold upon confirmation by the court. Section 4977 provides that any deed executed under § 4976 shall convey to the grantee the title held by the party whose property was sold. Section 5065 in reciting the procedure after an aware of *levari facias* refers to conveying the property by deed upon sale and confirmation. Although confirmation of sale follows as a matter of course absent an objection, Superior Court Rule 69(d), a timely objection halts the process.

■ On the bankruptcy filing date, there was no decision on Spencer's application to set aside the sale. Therefore, Spencer, as legal owner, had a legal interest in the property. *In re Petition of Adair*, 99 A. 45 (Del.Super.1916).

Soliman and Union's reliance on *Miles v. Wilson*, 3 Har. 382 (Del.Super.1841) and *Colt Lanes of Dover, Inc. v. Brunswick Corp.*, 281 A.2d 596 (Del.1971) is misplaced. A close reading reveals that it is a *deed* that passes the legal "estate" which equates to a debtor's "interest" in property. That interest became property of the bankruptcy estate on November 20 and is protected by the automatic stay provisions of § 362(a). The Superior Court hearing held November 21 was a continuation of a judicial proceeding prohibited under § 362(a)(1) as well as an act to exercise control over property of the bankruptcy estate in violation of § 362(a)(3) of the Bankruptcy Code.

■ Soliman and Union's alternative request for relief from stay to proceed with confirmation of sale must be denied. They assert as cause the Superior Court's decision that there is no basis to set aside the sheriff's sale. That may very well be, but absent an annulment of the stay, action taken in violation of § 362(a) is of no effect.

Coupling wilful violation of the law—Soliman's insistence in going forward with the hearing despite the uncertainty as to the effect of the bankruptcy filing on the proceeding—with the fact that the property is worth significantly more than the total amounts due under the mortgages, the equities will not permit Soliman and Union to prevail on their motion for relief.

On November 20, there existed the possibility that the sale could be set aside. If that were to happen, then Spencer would have had the opportunity to pay the full amount due Union in satisfaction of its judgment before another sale occurred.

A major purpose of the Bankruptcy Code is to give a debtor a "fresh start". Spencer is entitled to be a debtor and must be given that opportunity. Spencer stands to lose his home; Soliman stands to lose a bargain. Union will suffer a delay in payment. Under Spencer's proposed plan, the balance due Union of $1,623.64 will be paid in full through a wage attachment within 20 months and other creditors paid in full during the full term of the plan. If Spencer does not succeed in getting a plan confirmed within a reasonable time, then a motion for relief from stay or dismissal would be appropriate.

An order is attached.

## ORDER

AND NOW, December 22, 1989, for the reasons stated in the attached Memorandum Opinion,

IT IS ORDERED that the motion of Mohamed Soliman and Union Mortgage Company for relief from that automatic stay

provisions of 11 U.S.C. § 362(a) to proceed with confirmation of sale is DENIED.