IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

| | | |
|---|---|---|
| U.S. Bank, N.A., AS TRUSTEE ON | : | C.A. No: S13L-09-021 RFS |
| BEHALF OF SASCO MORTGAGE LOAN | : | PARCEL NO. 2-31-13-00-24.14 |
| TRUST 2007-RNP1, Assignee of | : | In Rem |
| AURORA LOAN SERVICES, LLC., | : | In Personam |
| Assignee of CIT GROUP / CONSUMER | : | |
| \FINANCE, INC., Assignee of | : | Scire Facias Sur Mortgage |
| WILMINGTON FINANCE, INC., | : | Mortgage Book 08813, Page 296 |
| Assignee of FRANK. J. Weaver, INC., DBA: | | Assignment Book 09448, Page 00165 |
| ATLANTIC HOME EQUITY, Plaintiff, | : | Assignment Book 09620, Page 00118 |
| | : | Assignment Book 10705, Page 26 |
| vs. | : | Assignment Book 13344, Page 00261 |
| | : | |
| ROSEMARY S. MARTIN and TROY | : | |
| SMITH, Defendants | : | |

## *MEMORANDUM OPINION*

*Order Denying Motion to Stay Confirmation*

Date Submitted: April 29, 2015

Date Decided: May 6, 2015

Christina J. Pross, Esq., Mattleman Weinroth & Miller, PC, 24278 Concord Pond Road, Seaford DE 19973, Attorney for Plaintiff

Troy Smith, 24278 Concord Pond Road, Seaford, DE 19973, Defendant, Pro Se

**STOKES, J.**

**Order Denying Motion to Stay Confirmation**


The defendant, Troy O. Smith, ("Smith") pled a motion to stay confirmation and seeks to set aside the foreclosure sale. Smith requested a pretrial hearing by pleadings filed on April 29 and May 5, 2015. The public sale was held on April 21, 2015 and confirmation of the sale is schedule for May 8, 2015. Upon review, the motion is denied and the pleading reasons and confirmation will proceed in due course for the following reasons.

The docket reveals the mortgage foreclosure was held on September 15, 2013. Mediation efforts were made between December 2013 and April 2014. On April 16, 2014, after a second conference, the mediation process was unsuccessful and the foreclosure process was resumed. On June 11, 2014 default judgment was filed and entered. On July, 10 2014, the execution process began and a sheriff's sale was scheduled for September 16, 2014. The sale was stayed because of a bankruptcy filing. A bankruptcy order dismissed this plea and barred subsequent pleadings for two years. Another execution writ was issued February 4, 2015. The sale was held on April 21, 2015 and the defense pleadings were thereafter pled.

When a defendant requests the Superior Court to stay confirmation and to not order a note, this Court does not look to the prejudgment orders. Rather this Court reviews the execution process to see if the sale procedures were proper.[1] The long standing practice in Delaware when land is sold pursuant to an appropriate execution process when "there are no objections made to the sale, the sale is confirmed at the return term of the writ, as a matter of course, without any act or decree of the court; and a sale so confirmed is final in its character and effect, and cannot afterwards be inquired into, nor can its validity be controverted collaterally."[2] Delaware Superior Court Civil Rule 69 echoes this practice providing "sheriff's sales not objected to … shall … be confirmed as a matter of course."[3]

"Delaware Superior Court's judicial scrutiny of the sheriff's sale only examines whether the defaulting obligor has received just treatment in the execution process.[4]" In other words, this Court "is not vested with *de novo* power to set aside the sale for whatever reason the Court pleases."[5] There is a limited

---

[1] *See,* 59A C.J.S. Mortgages § 1156 (explaining generally "the only questions which may be considered are those which pertain to the sale proceedings" at a "hearing afforded to a mortgagor"); *Matter of Spencer*, 1990 WL 65946 (D. Del. May 18, 1990) (describing the scope "[t]he Delaware Superior Court's power to confirm a sheriff's sale is strictly limited and thus not akin to the power normally exercised by an offeree to freely decline any offer").

[2] Volume 2, Woolley, Del. Practice § 1107.

[3] Super. Ct. Crim. R. 69.

[4] *Matter of Spencer*, 1990 WL 65946 (1990) (internal citations removed) (emphasis removed).

[5] *Id.*

scope of inquiry available to this Court consistent with the general authority

Delaware courts have "over its own processes which the court would exert in any

other case, for the correction of abuses of the prevention of injury."[6]

Accordingly, issues decided when a sheriff's sale is confirmed generally

include whether "the sale was improperly noticed or advertised, that the sale

brought a grossly inadequate price, or that fraud, mistake or misconduct occurred

in the sale."[7] Here, Smith has not raised any objections regarding the notice

provided, adequacy of the price or validity of the sale.[8] As such, "when there is

---

[6] *Id.*; *see also*, *Petition of Seaford Hardware Co.,* 132 A. 737, 738 (Del. Super. 1926).

[7] *Second Nat. Bldg. & Loan, Inc. v. Sussex Trust Co.,* 508 A.2d 902, 906 (Del. Super. 1985); *see also*, *Matter of Spencer*, 1990 WL 65946 (1990) (providing "[t]he Delaware Superior Court is thus only concerned with defense in such matters as the service of process, the advertisement of the sale and description of the property in the levy, whether the price obtained was an 'inadequacy of price sufficiently great to shock the sense of the Court'") (internal citations removed).

[8] Def.'s Mot. Requesting Stay of Confirmation; Def.'s Petition to Set Aside Foreclosure Sale, Answer and Counter Claim.

not an objection, the Delaware Superior Court performs, without judicial scrutiny or consideration of the agreement of sale, the merely ministerial task of approving the sale."[9]  Accordingly, this Court is tasked with approving the sale.[10]

Assuming the defense's contentions are true, for purposes of this matter only, all of the contentions in paragraphs 3–10 relate to matters that were before this judgment.  As a matter of law, these contentions are not sufficient to prevent confirmation nor do they present a proper purpose to set aside the sale.

Considering the above-mentioned reasons, this motion to stay confirmation and to not order the sale is summarily denied.


**IT IS SO ORDERED.**



*/s/ Richard F. Stokes*

_____

**Richard F. Stokes**



cc: Prothonotary

---

[9] *Matter of Spencer*, 1990 WL 65946 at 482 (1990).
[10] *Id.*