# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DEPARTMENT OF FINANCE OF )
SUSSEX COUNTY, )
                                     )
         Plaintiff, )
                                     )
         v. )      CA No. S21T-10-019 MHC
                                     )
JERRY SMITH, )
                                     )
         Defendant. )

## ORDER

Submitted: August 11, 2022
Decided: October 13, 2022

*Upon Consideration of Motion to Set Aside Sheriff's Sale,*
**DENIED.**

Ryan T. Adams, Esq., Moore & Rutt, P.A., Georgetown, Delaware, *Attorney for Plaintiff Department of Finance of Sussex County.*

Jerry L. Smith, Frankford, Delaware, *Pro Se*.

**CONNER, J.**

## FACTUAL AND PROCEDURAL BACKGROUND

(1)     On August 4, 2006, Defendant Jerry Smith ("Defendant") acquired an interest in 23 Honolulu Road Frankford, Delaware (the "Property"). Sussex County records indicate that the Property is co-owned by Rachel Houston, Chevelle Goslee and Defendant. However, according to Defendant, both Houston and Goslee have been deceased for over one and one-half years. Plaintiff Department of Finance of Sussex County (the "County") avers that "no estates have been opened for either [Houston or Goslee], and their deaths cannot be ascertained through a title search."[1]

(2)     At oral argument Defendant stated that he does not live at the Property and he has never paid property taxes on the Property. In 2011, the County received notice that a proper address to send the tax bills was 11494 Old School Road, Mardela Springs, Maryland. No other address has been provided to the County as a point of contact for tax payment. Taxes on the Property have not been paid for the years 2008-2021.

(3)     On October 26, 2021, the County filed a complaint for entry of judgment on monition. At that time the delinquent taxes on the Property totaled $2,261.98. On October 28, 2021, the Prothonotary issued a writ of monition. On

---

[1] Pl.'s Resp. to Def.'s Mot. ¶ 2.

November 1, 2021, the Sheriff posted the writ of monition on the Property. On February 16, 2022 the Prothonotary issued a writ of venditioni exponas monitions.

(4)     On April 1, 2022, notice that a public sale of the Property had been advertised in connection with a sheriff's sale was mailed to parties that may have had an interest in the Property. Most relevantly, notice was mailed to Defendant, Houston and Goslee at the Maryland address, and also mailed to the Property. On April 7, 2022, notice was posted on the Property.

(5)     On April, 19, 2022, the Property was sold at a sheriff's sale to a third party. On May 11, 2022, Defendant filed a motion to set aside the sheriff's sale under Superior Court Civil Rule 69(g).

(6)     Defendant argues that the sale should be set aside because he received no notice of the sheriff's sale. Specifically, Defendant contends that the County should have mailed notice to his primary residence or to his P.O. Box.

(7)     On May 26, 2022, the County filed a response to the motion to set aside the sale. It contends that notice was not sent to Defendant's primary residence address because neither County records nor a title search connected the Property with Defendant's primary residence. The County claims it had no records showing that Defendant was the same Jerry Smith who lived at Defendant's primary residence. Moreover, the County acknowledged that the 2006 deed which created Defendant's interest in the property listed Defendant's P.O. Box address, but the

3

County argues that it did not send notice to Defendant's P.O. Box because it "reasonably believed [the P.O. box address] was an outdated address."[2] The County states that a review of Property documentation indicated that Defendant, Houston and Goslee all lived at the Maryland address.

(8)        The Delaware Supreme Court has recognized this Court's broad discretion in confirming sheriff's sales.[3] The Court must determine whether there was "some defect or irregularity in the process or mode of conducting the sale, or [ ] neglect of duty, or misconduct on the part of the Sheriff *or some other sufficient matter* ... whereby the rights of parties to, or interested in the sale are, or may have been, prejudiced."[4] There is a "strong public interest in the finality of sheriff's sales,"[5] and subsequent motions to set aside such sales will be untimely "unless the court finds lack of notice or other basis to relieve the party of the consequences of unexcused delay."[6]

(9)        Superior Court Civil Rule 69(g) states in pertinent part:[7]

> No sheriff's sale of real estate shall be held unless at least seven (7) days before the sale the plaintiff or his counsel of record shall send by certified mail, return receipt requested to . . . . The notice shall be addressed to persons having an equitable or legal interest of record at the last known available or reasonably ascertainable address of such person . . . .

---

[2]  Pl.'s Answer to Jerry Smith's Resp. ¶ 4.
[3] *Burge v. Fidelity Bond and Mortgage Co*., 648 A.2d 414, 420 (Del. 1994).
[4] *Id.* at 419 (citing *Petition of Adair*, 190 A. 105, 107 (Del. Super. 1936)).
[5] *Shipley v. New Castle Cnty.*, 975 A.2d 764, 770 (Del.2009).
[6] *Id.*(quoting *Deibler v. Atlantic Properties Group, Inc.,* 652 A.2d 556, 558 (Del. 1995)).
[7] Super. Ct. Civ. R. 69(g).

(10)     Additionally, such notice must satisfy the Due Process Clause. In *Mennonite Bd. of Missions v. Adams*, the U.S. Supreme Court stated that "[p]rior to an action which will affect an interest in life, liberty, or property protected by the Due Process Clause of the Fourteenth Amendment, a State must provide notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[8]

## DISCUSSION

(11)     In *Department of Finance of Sussex County v. Tyler*,[9] notice of an impending sheriff sale was mailed to the property owner at two addresses. The first was an incorrect address for the property owner's place of residence, which was not received. Notice was also mailed to the address provided as the tax billing address for the property in question. Thus, the only address that the County properly sent notice to was the address provided to the County for sending tax bills. The Superior Court held that the County provided sufficient notice of the impending sheriff's sale because "it [was] clear that the notice given was reasonably calculated

---

[8] *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 795, 103 S. Ct. 2706, 2709, 77 L. Ed. 2d 180 (1983).
[9] *Tyler v. Dep't of Fin. of Sussex Cnty.*, Del. Super., C.A. No. S16T-09-007 RFS, Stokes, J. (Jun. 4, 2018), *aff'd*, 202 A.3d 510 (Del. 2019).

5

to inform Defendants of the pending monition sale."[10] The decision was affirmed on appeal to the Delaware Supreme Court.

(12)      Moreover, the text of Superior Court Civil Rule 69(g) provides further support for the determination in *Tyler* that in certain circumstances, sending notice that the property will be exposed to a sheriff's sale to the address provided as the property tax billing address may provide sufficiently reasonable notice to the individual responsible for paying the tax bill. As previously stated, Rule 69(g) requires the County to send notice to "persons having an equitable or legal interest of record at the last known available or reasonably ascertainable address of such person."[11]  In contrast, the subsection of 69(g) concerning the requisite notice for lienholders states, "[t]he notice shall be addressed to holders of liens at the address which appears upon the recorded or filed instrument creating the lien or upon the record of the lien."[12] Had they wished, the drafters could have included language in both subsections requiring notice to be sent to an address which appears upon the recorded or filed instrument, but they did not. Thus, a plain reading of Rule 69(g) indicates that persons having an equitable or legal interest of record are entitled under the rule to receiving reasonably calculated notice of a sheriff's sale. The rule

---

[10] *Id.* at 2.
[11] Super. Ct. Civ. R. 69(g).
[12] *Id.*

does not necessarily require such notice to be sent to an address which appears upon the recorded or filed instrument in every circumstance.

## CONCLUSION

(13)	Under the specific set of circumstances presented here, the notice given was reasonably calculated to inform all persons having an equitable or legal interest of record in the Property of the pending sheriff's sale. Accordingly, Defendant's Motion to Set Aside the Sheriff's Sale is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Mark H. Conner*

Mark H. Conner, Judge

cc: Prothonotary